**STATE, Plaintiff-Appellee, v. LIGHTFOOT, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2366.   Decided December 17, 1956.

Mathias H. Heck, Pros. Atty., By Herbert M. Jacobson, Asst. Pros. Atty., Dayton, for plaintiff-appellee.

Pressman & Gold, Cleveland, By Gerald S. Gold, of Counsel, for defendant-appellant.

(WISEMAN and CONN, JJ, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J:

This is an appeal from conviction and sentence of the defendant on a verdict of guilty of three offenses, set out in two separate indictments. One indictment charged in the first count a violation of §3719.20 (A) R. C. the possessing for sale of a narcotic drug and the second count of this indictment charged the violation of §3719.20 (B) R. C. sale of a narcotic drug. The third charge is a separate indictment, in which the defendant was charged with possessing a narcotic drug at another time and place than set out in the first indictment.   The drug which was

claimed to have been possessed was heroin. The indictments were consolidated.

Defendant assigns four errors:

"1. Sec. 3719.20 (A) R. C. is a lesser included offense within §3719.-20 (B) R. C., and, therefore, convictions based on a single transaction can be had on but one of the sections.

"2. The trial court erred by commenting on the evidence in its charge to the jury.

"3. The trial court erred in instructing the jury that the defendant admitted doing the acts set forth in the indictment.

"4. The trial court erred in refusing to instruct the jury with regard to the question of entrapment."

The first assignment is not well made. The question of included offenses is fully and completely considered in an opinion by this court, unreported, of date November 18, 1954, Franklin County, State v. Wead and seven other defendants. The cases on the subject are set out at length and we will not repeat them here, but refer counsel to this opinion if they desire to pursue the question further. The proof here does not establish that the possession and sale of the heroin involved in the first indictment was one, single, continuing criminal act constituting but one transaction. It is manifest that the offenses may well be separate and distinct. The possession of the narcotic for sale is an offense in and of itself. When it is sold, it is another distinct offense, another transaction. So here it does not necessarily appear that the possession and the sale occurred simultaneously or so closely connected in point of time as that it was one transaction. Even if it did so appear, the acts are so distinct and different in nature and character as to readily take on the elements of separate offenses.

The second assignment is that the trial court erred by commenting on the evidence in its charge to the jury. The principle contended for by appellant is well established but its application here does not, in our opinion, appear. That part of the charge to which the assignment is directed gave consideration to the main defense interposed and discussed its various aspects. We cannot find that it was slanted against the defendant.

The third assignment is that the court erred in instructing the jury that the defendant admitted doing the acts set forth in the indictment. This is the only assignment of substance. The statute, §3719.09 R. C., makes it an offense to have in possession or under control any narcotic drug, subject only to the exceptions set forth in the statute, and further provides:

"Possession by a person not excepted by the provisions of this section of a narcotic drug not exempted by the provisions of this section is presumptive evidence of intent to violate the provisions of this section."

As we read this record, although the defendant denied the possession of the heroin, the subject of the second indictment, he admitted sufficient facts to establish its possession as a matter of law. He said that he did not possess it and that it was held for another but, at the same

time, he admitted that he had placed it where found and it clearly appeared it was under his control. This was sufficient proof of possession.

The fourth assignment is that the trial court erred in refusing to instruct the jury with regard to the question of entrapment. We have examined this question carefully and, giving to the defendant the full benefit of his version of the events, the subject of the indictments, we cannot say the acts of the officers constituted entrapment. There is no proof whatever that the officers in indicating to the defendant that his assistance in apprehending the "big dealers" in heroin, advised or suggested that in so doing he should traffic in the narcotic by sale. The charge of the court on the subject, at page 291 of the record, is:

"A person who, by prior arrangement with a law enforcement agency, honestly and in good faith, carries out the instructions of such agency, and acts solely for the purpose of enforcing the law and assisting the law enforcement agency, has no criminal intent, that is, he has no intention of violating the law, and he is for that reason not guilty of any crime in connection with such acts."

This, in our judgment, fully protected the defendant upon his claim that his acts were induced by the statement and conduct of the police officers of the City of Dayton.

We find no assignment of error well made.

The judgment will be affirmed.

WISEMAN and CONN, JJ, concur.