**STATE, Plaintiff-Appellee, v. JOHNSON, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25020. Decided March 25, 1960.

John T. Corrigan, Pros. Atty., Gertrude B. Mahon, for plaintiff-appellee.

William S. Cooper, for defendant-appellant.

(FESS, PJ, of the Sixth District, YOUNGER and GUERNSEY, JJ, of the Third District, sitting by designation in the Eight District.)

## OPINION

By GUERNSEY, J.

Defendant's appeal is from a judgment of conviction and sentence for the unlawful possession (§3719.09 R. C.), unlawful possession for sale (§3719.20 [A] R. C.), and unlawful sale (§3719.20 [B] R. C.), on October 29, 1957, of cannabis (marijuana), and for the unlawful possession, unlawful possession for sale, unlawful sale, and unlawfully permitting the use of a dwelling house controlled by him for the illegal keeping or dispensing (§3719.101 R. C.), on October 28, 1958, of cannabis. Although each of these charges was contained in a separate indictment they were tried together and the parties have treated them as if they were separate counts of the same indictment, and, we shall do likewise. For purposes of brevity we will also hereafter refer to these offenses as "possession," "possession for sale," "sale," and "permitting the use of a house."

The counts relating to October 29, 1957, arose generally from the same transaction, it appearing from the testimony of one Willie Dennard that the Cleveland police, with his cooperation, had searched him and determined that he did not have in his possession either marijuana or money, and had then furnished him with four one dollar bills; that Dennard then looked for defendant at a poolroom and a cafe without finding him; that he then saw defendant coming "up between the buildings by the poolroom"; that he handed defendant the money which had been furnished to him; that Dennard and defendant then "went back the same way he came from and went back in the alley, he (defendant) picked up a package (from beneath some bushes) and gave me (Dennard) nine sticks of marijuana;" that Dennard then came from the alley by

himself at the point where he had entered, walked to Falcon Road, where he again saw defendant who warned him of the presence of a police car; and that Dennard then proceeded to about 77th and Kinsman on Falcon Road where he turned the nine sticks of marijuana over to the police officers. One of the policemen testified that he had observed everything prior to the time that Dennard and defendant disappeared from sight into the alley and also following Dennard's reappearance from the alley, except that the only time he saw defendant after Dennard's reappearance was at Minnie Avenue and Kinsman, unaccompanied by Dennard. Defendant was not arrested at the time of this incident, was not searched for the money which Dennard allegedly had given him, and was not indicted until the September, 1958, term of court.

On October 28, 1958, Cleveland police observed one Willis Manning drive up in front of his home and alight from his car. After approaching him they found on the ground near his feet a small package, consisting of marijuana wrapped in aluminum foil. Although Manning denied at defendant's trial that he had done so, it was testified by the police that he had informed them that he had purchased the marijuana from defendant. The police proceeded to defendant's home and upon search thereof found a coat belonging to defendant with traces of marijuana in the pocket, a penny matchbox of the type commonly used for measuring marijuana with traces of marijuana therein, and a box containing a roll of aluminum foil, the torn end of which precisely matched a torn edge of the aluminum foil wrapping of the package found at Manning's feet.

The marijuana "sticks" allegedly purchased on Octobter 29, 1957, and the physical evidence found on October 28, 1958, were kept in police possession until the trial of the case in June, 1959.

The defendant-appellant assigns error as follows:

"1. The Court erred in the matter of duplicity.

"2. The Court erred in not granting a motion for mistrial or granting a new trial due to the misconduct of proceedings and that of the prosecutor.

"3. Evidence admitted Contrary to Law.

"4. Verdict is Contrary to Law."

Defendant's first assignment of error is based on the proposition that the counts of possession, possession for sale, and sale, on October 29, 1957, are predicated on identical evidence, and that the counts of possession, possession for sale, and sale, on October 28, 1958, are likewise predicated on identical evidence, that these counts as to each occasion are duplicitous, and that to permit a finding of guilty on more than one count as to each occasion subjects the defendant to being prosecuted twice for the same act.

The term duplicity in its strictest sense applies to the joinder of separate and distinct offenses in one and the same count (which we do not have here), but is sometimes made applicable to the misjoinder of offenses in the indictment generally. Sec. 162, Indictment and Information, 42 C. J. S., 1112.

Although it is well settled that under the provisions of §2941.04 R. C., great liberality exists as to the joinder for trial of offenses or state-

ments of the same offense in an indictment, and that the prosecution is not required to elect between the different offenses or counts, nevertheless we are in agreement with the defendant that such statute cannot be construed to permit a defendant to be charged with and found guilty at one trial of two offenses when, if tried separately, conviction of one offense would be a bar to conviction thereafter of the other. In other words, if constitutional or statutory limitations would make a prior conviction of one offense a bar to conviction of an offense later charged, the same constitutional or statutory limitations should apply equally as well if both offenses are charged and tried at the same time.

Article I, Sec. 10, Ohio Constitution, provides, among other things, that "no person shall be twice put in jeopardy for the same offense." The Supreme Court of Ohio has often held or stated that the fact that a defendant has been put in jeopardy upon a trial for one criminal act is no bar to a prosecution for a separate and distinct criminal act merely because they are closely connected in point of time, place and circumstance; that the words "same offense" mean same offense, not the same transaction, not the same acts, not the same circumstances or same situations; and that it is not enough that some single element of the offense charged may have a single element of some other offense as to which the defendant had theretofore been in jeopardy, but the constitutional provision requires that it shall be the "same offense." Dodge v. State, 124 Oh St 580; Duvall v. State, 111 Oh St 657; State v. Rose, 89 Oh St 383; and Mitchell v. State, 42 Ohio St 383.

In the case of Weaver v. State, 74 Oh St 53, wherein the first count of an indictment charged the keeping of a place where intoxicating liquors are kept for sale in violation of §4364-20b R. S., and the second count charged the keeping of a place where intoxicating liquors are sold in violation of §6942 R. S., the Supreme Court held there was but one offense and the penalties of both sections could not be inflicted, and Judge Price stated in his opinion at page 61:

"If the counts embraced in the indictment before us, had been made the subject of two separate indictments, and Weaver had been either convicted or acquitted on one, could he, when called to trial on the second indictment, plead autre Fois acquit, or autre Fois convict? The charges in legal effect being the same, and the evidence upon which the first case was tried being essential to support the second indictment, undoubtedly the plea would be good. He was once in jeopardy, and in fact was once tried for the same offense."

This case might therefore be considered authority for the proposition, simply stated, that the constitutional protection against double jeopardy is as applicable to two offenses tried together as it would be to two offenses tried separately.

Thereafter, the Supreme Court in the case of Griffith v. State, 93 Oh St 294, held at page 298:

"Where an indictment contains three counts, one count charging forgery, another charging the issuing of a false and forged instrument, the third charging the obtaining of money under false pretenses, and the state relies for conviction on the third count in the indictment,

charging the obtaining of money under false pretenses, **solely upon the fact that the check presented to the bank for payment was a forged instrument,** and that the defendant, either having forged the same or knowing it to have been forged, presented it for payment, and the jury finds that the defendant is not guilty of forgery and not guilty of issuing a false and forged instrument, it should return a verdict of not guilty of obtaining money under false pretenses." (Emphasis added.)

This case has been cited by the Court of Appeals of the 6th Appellate District in the case of **State v. Greeno, 89 Oh Ap 241** (cited by defendant), and by the Court of Appeals of the 10th Appellate District in the case of **In re Benjamin, 100 Oh Ap 455,** as authority for the proposition that an accused cannot be convicted and sentenced for two or more offenses growing out of the same subject matter or the same transaction. We do not think that the Griffith case can properly be considered authority for the stated proposition for, on its facts, and on the statement above quoted, if the accused was not guilty of either forging an instrument, or of issuing a forged instrument, he could not be guilty of obtaining money by false pretenses by presenting a forged instrument to a bank for payment. At best, the Griffith case is authority for the proposition that when two or more offenses growing out of the same subject matter or the same transaction are charged as separate counts of the same indictment the verdict of the jury as to each of the offenses must be factually consistent with the verdict of the jury as to each of the other offenses charged. Thus, if a finding of guilty or not guilty to one of the offenses charged would factually preclude the finding of guilty to another offense charged one of the findings must of necessity fail, and, if it cannot be determined by a reviewing court which one must fail, reversal should be had as to both.

In the case of State v. Greeno, supra, a finding that defendant was guilty as principal in issuing four checks with intent to defraud factually precluded him from being found guilty as an aider and abettor. The court's opinion does not indicate, however, on what basis it could be concluded that a finding of guilty as to being principal, or aider and abettor, in issuing checks with intent to defraud would be factually inconsistent with a finding of guilty of the offense charged in the third count of the indictment of obtaining possession of certain automobiles by false tokens and writings, i. e., larceny by trick.

Nor is the case of In re Benjamin, supra, sound authority for the stated proposition. The action was in habeas corpus, the defendant had not served the minimum sentence on either of the counts on which he had been found guilty, the writ of habeas corpus had to be and was denied, and the conclusion that a finding of guilty on both counts was improper was, in itself, obiter. It will be noted that when the petitioner in In re Benjamin appealed the judgment of conviction to the Court of Appeals of Cuyahoga County, **State v. Benjamin, 102 Oh Ap 14, 1 O. O. 2d, 478,** that Court decided that an indictment under §12416 GC (§2901.19 R. C.), containing two counts, one charging maiming by unlawfully and purposely putting out an eye, and the other charging the purposeful disfigurement by the throwing of lye water, charges two separate and distinct crimes, and the fact that a single act of the ac-

cused constitutes both crimes does not relieve such accused from prosecution and conviction on each count. The Judgment of the Court of Appeals of Cuyahoga County was appealed by the defendant to the Supreme Court of Ohio, his motion for leave to appeal being overruled in 34842, July 5, 1956, and his appeal being dismissed, **165 Oh St 455, 60 O. O. 99.**

We conclude that if the offenses charged are separate and distinct either with respect to statutory definition, or, because as charged, they grow out of different transactions and different evidence is needed to prove each, then the constitutional inhibition against double jeopardy is not applicable and, so long as the offenses charged are not factually inconsistent, a defendant may be found guilty and judgment of sentence thereon may be had as to each of the offenses charged. We also conclude that notwithstanding that by statutory definition the offenses charged are separate and distinct and notwithstanding the order in which they are charged or tried, if a finding of guilty or not guilty as to one offense would factually disprove one or more of the elements necessary for conviction of another offense, the constitutional inhibition of double jeopardy is not in any way involved, but the factual inconsistency will not, in such case, permit a finding of guilty as to the offense thus disproven. Each of the findings of guilty herein was factually consistent with each other finding of guilty.

We note at this point that in addition to the constitutional protection, Ohio also has provided by §2943.09 R. C., that:

"When a defendant has been convicted or acquitted, or has been once in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to another indictment or information for the offense charged in the former indictment or information, or for an attempt to commit the same offense, or for an offense necessarily included therein, of which he might have been convicted under the former indictment or information."

This statute, being applicable only to a situation where there has been a "former indictment or information," is of doubtful application here but it highlights what we think is the primary issue involved with respect to the several counts of which defendant is charged, and which we are of the opinion is an issue under the constitutional protection against double jeopardy independently of the foregoing statute. That issue is whether any of the offenses herein charged are lesser and included offenses of other of the offenses charged, and, if so, whether the defendant was thereby placed twice in jeopardy for the same offense.

"2. An offense is a lesser included offense, where all the elements of such offense are present with others in the offense charged in an indictment." **(State v. Hreno, 162 Oh St 193.)**

"3. The doctrine of 'inferior degrees' or 'included offenses,' whereby an accused may be found not guilty of the offense charged but guilty of a lesser included offense, relates only to offenses of the same general character and not to distinct and independent offenses of different classes." **(State v. Kuchmak, 159 Oh St 363.)**

"Generally, a lesser included offense carries a lesser penalty than

the greater offense within which the former is contained. The degree of the penalty attached to each affords some indication as to which of two offenses, in the view of the General Assembly, is the greater and which is the lesser."

(Judge Hart in his opinion in State v. Kuchmak, supra, at page 370.)

In **Duvall v. State, 111 Oh St 657,** the Supreme Court held among other things:

"3. A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. A single act may be an offense against two statutes; and if either statute requires proof of an additional fact, an acquittal of the offense requiring proof of the additional fact does not exempt the defendant from prosecution and punishment under the statute which does not require proof of such additional fact."

Although the Duvall case involves questions of res judicata, as distinguished from double jeopardy, the two rules of law are necessarily interwoven and complementary. The rule of law stated in the first sentence, above, is derived from the usual test for double jeopardy accepted by text writers on criminal law appearing in State v. Rose, supra, and further quoted by Judge Day on page 660 of his opinion in the Duvall case:

"If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy."

But whether the principles of law stated in paragraph 3 of the syllabus, above, are based on double jeopardy or res judicata, or both, the principle stated in the first sentence thereof is nevertheless specifically applicable to greater and lesser included offenses, and substituting these terms where appropriate this principle would read as follows:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them (the greater offense) would have been sufficient to warrant a conviction upon the other (a lesser included offense)."

This conclusion necessarily follows when a conviction has been had for if a defendant is convicted of a greater offense each element of that crime has been proven, and therefore each element of the lesser included offense has also been proven, and to thereafter also permit conviction of the lesser included offense would in legal effect place the defendant twice in jeopardy for the same offense. And when a defendant is charged and tried at the same time for a greater and a lesser included offense, to assure that the constitutional protection against double jeopardy is not violated, the jury may not be permitted to find the defendant guilty of the lesser included offense if they find the defendant guilty of the greater.

The statutory provisions pertinent here are:

**Sec. 3719.09 R. C.** "No person . . .shall have in his possession . . . any narcotic drug. Possession by a person not excepted by the provisions of this section of a narcotic drug not exempted by the provisions of this

section is presumptive evidence of intent to violate the provisions of this section."

Sec. 3719.101 R. C. "No person shall knowingly permit the use of any . . . dwelling house . . . controlled by him for the illegal keeping, dispensing, or administering of narcotic drugs."

Sec. 3719.20 R. C. "No person shall: (A) Possess for sale a narcotic drug except in accordance with the provisions of §§3719.01 to 3719.22 inclusive, R. C.; (B) Sell a narcotic drug except in accordance with the provisions of §§3719.01 to 3719.22 inclusive, R. C.; . . ."

Sec. 3719.99 R. C. ". . . (C) Whoever violates §3719.09 or §3719.101 . . . R. C., shall be fined not more than ten thousand dollars and imprisoned not less than two nor more than fifteen years for a first offense; . . . (D) Whoever violates division (A) . . . of §3719.20 R. C., shall be imprisoned not less than ten nor more than twenty years for the first offense; . . . (F) Whoever violates division (B) of §3719.20 R. C., shall be imprisoned not less than twenty nor more than forty years."

It is readily apparent from these provisions that each of the offenses concerned is separately stated and that for each a separate penalty is prescribed. To this degree each offense is separate and distinct from each other offense. However, this doesn't, in itself, preclude one offense from being a lesser included offense of another.

In descending order the penalties prescribed by the legislature for the various offenses are as follows:

Sale—twenty to forty years imprisonment

Possession for sale—ten to twenty years imprisonment

Possession and permitting the use of a house—fine and two to fifteen years imprisonment.

Therefore, with respect to penalty only, possession for sale, possession, and permitting the use of a house, would be lesser offenses than the offense of sale; and possession and permitting the use of a house would be lesser offenses than the offense of possession for sale.

By statutory definition, §3719.01 (H) R. C., " 'sale' includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal proprietor, agent, servant, or employee." The elements of proof of the statutory offense of sale of narcotics do not include proof of possession for sale or proof of mere possession, as the making of a transaction of barter, exchange, or gift, or offer therefor, could be accomplished by any one of the persons named in the definition without his being in actual or constructive possession of narcotics at the time of the transaction. The offense of permitting the use of a house also involves elements of proof not included in the offenses of sale. It is therefore implied by the statutes that the offenses of possession for sale, possession, and permitting the use of a house, are not offenses lesser to and included in the offense of sale. See State v. Lightfoot, 77 Abs 257.

To prove possession for sale it is necessary to prove both the elements of (1) possession and (2) purpose of sale. The proof of the offense of possession requires merely the proof of the one element of possession. It is thus inescapable that the offense of possession is by statutory

definition a lesser included offense of the offense of possession for sale. Again, since other elements are required to be proven to prove the offense of permitting the use of a house it is not included by statutory definition in the offenses of possession for sale or possession. And since the statutory offense of permitting the use of a house may be proven without proving either sale, possession for sale, or mere possession the latter offenses cannot be included in the former.

It follows that both by degree of penalty and by statutory definition, or implication, the only offenses of which defendant was charged which were lesser included offenses to others were the offenses of possession which were lesser included offenses to those of possession for sale on the respective dates.

We conclude that each of the offenses of which the defendant stood charged was a separate and distinct offense from each of the other offenses charged, except that the offenses of possession as to each date were included within the offenses of possession for sale as to the respective date and were not separate and distinct therefrom, and that the defendant was not placed in double jeopardy with respect to any of the offenses except the offenses of possession. It was error therefore for the court to permit the jury to find the defendant guilty of each of the offenses of possession in the event that the jury also found the defendant guilty of each of the offenses of possession for sale. The jury having found the defendant guilty of each of the offenses of possession for sale, this court should enter final judgment non obstante veredicto, finding for the defendant as to each of the offenses of possession.

Defendant's second claim of error is based on the statement made by the prosecuting attorney **in the presence and hearing of the jury:**

"I am taken by surprise, your Honor, I am asking for the right to cross-examine this witness."

The witness, Willis Manning, was called by the prosecution, and the prosecuting attorney's "surprise" was Manning's testimony which was inconsistent with a written statement allegedly previously made by Manning on the date of the offenses.

The procedure which the prosecuting attorney had in mind is one which has long been established. The latest pronouncement and holding of the Supreme Court with reference thereto is in the case of **State v. Springer, 165 Oh St 182:**

"Defendant claims further that the trial court erred in permitting the prosecuting attorney to examine the prosecuting witness as to prior statements she had made before the Grand Jury and in the prosecuting attorney's office, contending he was thus permitted to impeach his own witness. Because of an apparent change of attitude of the witness, the court declared her to be hostile and allowed the prosecuting attorney 'to proceed to examine her as upon cross-examination.' During this examination, in which the prosecuting attorney attempted to refresh the recollection of the witness by interrogation as to her former statements, the witness did not repudiate or deny making any of such prior statements, and no objection was made by defense counsel.

"This claim of error is clearly refuted by the case of **Hurley v. State,**

**46 Oh St 320,** 21 N. E., 645, 4 L. R. A., 161, the syllabus of which reads as follows:

"'1. A party who calls a witness, and is taken by surprise by his unexpected, and unfavorable testimony, may interrogate him in respect to declarations and statements previously made by him, which are inconsistent with his testimony, for the purpose of refreshing his recollection, and inducing him to correct his testimony, or explain his apparent inconsistency; and for such purpose his previous declarations may be repeated to him, and he may be called upon to say whether they were made by him.

"'2. In case the witness denies having made such statements, or his answer is ambiguous concerning them, it is not competent for the party calling him, to prove them by other witnesses.'"

So long as the defendant cannot be prejudiced by the statement we know of no rule of law which requires the prosecuting attorney to express "surprise" out of the presence or out of the hearing of the jury. The subsequent interrogation was proper and made fully apparent the nature of the "surprise," and there is nothing in the record to show that the defendant was prejudiced in any way by the statement made in the presence and hearing of the jury. Defendant's second assignment of error is therefore without merit.

Defendant's third assignment of error claims the inadmissibility in evidence of exhibits one through six, inclusive, because they were in the possession of the police from the time of the respective offenses until the trial therefor, and he cites §2933.26 R. C., in support of his claim:

"When a warrant is executed by the seizure of property or things described therein, such property or things shall be kept by the judge, clerk, or magistrate to be used as evidence."

Suffice it to say that the section cited pertains only to property seized pursuant to a search warrant, and the record herein does not indicate that any of the exhibits one through six, inclusive, were seized pursuant to search warrant. Even if the cited statute were applicable to the exhibits herein, the statute does not purport to affect their competency in evidence, but merely purports to provide for the preservation of the evidence until trial. Defendant's third assignment of error is without merit.

Defendant's fourth and final assignment of error is based, first, on the contention that knowledge of defendant is an essential element of both of the offenses, possession and possession for sale, and that the evidence did not show the knowledge of defendant with respect to the offenses alleged to have occurred on October 28, 1958; secondly, on the contention that as to all of the offenses alleged to have occurred on October 29, 1957, Willie Dennard was an accomplice, and the defendant could not be convicted on the uncorroborated testimony of an accomplice; and, thirdly, on the contention that the judgment as to the guilt of defendant of each offense is against the weight of the evidence.

As to the knowledge of defendant with respect to possession and possession for sale on October 28, 1958, the evidence was adequate to show that the traces of marijuana were found in the pocket of a coat

belonging to defendant and in a matchbox of which defendant had knowledge. The jury could therefore properly infer that the defendant had knowledge of the contents of the coat and the matchbox. Moreover, we observe, without deciding, that the statutes defining the offenses of possession and possession for sale are silent as to knowledge of possession and there may therefore be no requirement that the same be proven.

As to corroboration of the testimony of an accomplice, Judge Day reviewed and discussed at length the law pertaining the same in the case of **State v. Reichert, 111 Oh St 698,** and it is apparent from his review and discussion that Ohio does not adhere to any fixed rule that a defendant may not be convicted on the uncorroborated testimony of an accomplice. But we are not actually concerned with the rules dealing with the testimony of an accomplice, for Willie Dennard could not be so classified. It is usually stated that an accomplice is one who freely and voluntarily engages with another in the commission of a crime. Dennard was not acting freely and voluntarily but was acting at the behest and direction of police officers of the City of Cleveland. A person who encourages the commission of a crime in order that criminals may be detected and brought to justice is merely a feigned accomplice. As stated in Sec. 113, Criminal Law, 14 Am. Jur. 843:

"Since criminal intent is essential to render one an accomplice, it follows that a feigned accomplice is not within the rule that the uncorroborated testimony of an accomplice will not support a conviction. Thus a detective who, for the purpose of discovering crime, ostensibly aids in its commission or in a conspiracy to commit it, or is a 'spotter' or paid informer, or the purchaser of liquor, unlawfully sold for the purpose of detecting the seller, or one buying a lottery ticket for the purpose of detecting and punishing the vendor, where the sale is prohibited, or one who, not knowing of a larceny until after it has been committed, purchases the stolen goods under the direction of an officer with money furnished by the latter, with a view to detect the thief **is not an accomplice whose testimony must be corroborated.** Of course, evidence coming from such contaminated sources should be closely scrutinized by the jury; but if they are satisfied of its truth, they may base a conviction upon it." (Emphasis added.)

We find substantial, credible evidence of sufficient probative value to support a conviction on each of the counts with which defendant was charged.

We are therefore of the opinion that defendant's fourth assignment of error is completely without merit.

The judgment of the lower court as to each of the offenses charged, other than the offenses of possession, is therefore affirmed. The judgment of the lower court as to each of the offenses of possession is reversed, and this court entering the judgment as to such offenses that the trial court should have rendered, finds the defendant not guilty of said respective offenses of possession and enters final judgment, as to said offenses only, in favor of the defendant.

FESS, PJ, YOUNGER, J, concur.