PAGE *v.* GREEN, SUPT., MARION CORRECTIONAL INSTITUTION.

(No. 1124—Decided October 6, 1961.)

*Mr. Haden Garfield Page, in propria persona.*
*Mr. Mark McElroy,* attorney general, for respondent.

*Per Curiam.* The only contention of petitioner of any compelling significance is that he was convicted and sentenced by the Court of Common Pleas of Summit County for both the attempt to commit and the commitment of the same crime. Indeed, the copy of the indictment and the copy of the judgment of conviction and sentence filed with the return of the writ of habeas corpus show that the petitioner was charged with, tried and convicted of both the attempt to break and enter and the breaking and entering of the same premises on the same date. Without a bill of exceptions this court cannot determine whether the same evidence which proved the breaking and entering also proved the attempt to break and enter. If so, petitioner may have been erroneously convicted of one of these counts of the indictment. See *State* v. *Johnson,* 112 Ohio App., 124. See, also, Section 2945.74, Revised Code. This, however, can be determined only by an appeal from his conviction to the proper court, which at this late date can be accomplished only by motion for leave to appeal to the Court of Appeals for Summit County, but cannot be determined by this court in this action in habeas corpus.

At the same time that petitioner was convicted of breaking and entering and an attempt to break and enter he was also convicted on a third count of possession of burglary tools and sentenced thereon to from one to five years imprisonment. Although his sentences of one to fifteen years on each of the first two counts were to run consecutively with his sentence on the

third count, he has only been committed on his sentences since September 28, 1960. There is no evidence in this habeas corpus proceeding to show that the trial court did not have jurisdiction to convict and sentence him on such third count or that sentence on such count is void. Even ignoring the sentences on the first two counts, petitioner has not served the maximum sentence on the third count.

Petitioner not sustaining his burden of proving his restraint of liberty to be unlawful, his release from such restraint must be, and hereby is, denied.

*Petitioner remanded to custody.*

GUERNSEY, P. J., MIDDLETON and YOUNGER, JJ., concur.