OPINION
{¶ 1} Defendant-appellant, Benny Shepherd, appeals his conviction in Preble County Court of Common Pleas for attempted burglary on double jeopardy grounds. Judgment affirmed.
 {¶ 2} Appellant was charged, pled no contest, and was convicted in municipal court for criminal trespass after he was allegedly found hiding in the brush on the victim's property on September 3, 2002.[1]
Appellant was later indicted in the common pleas court ("trial court") for attempted burglary, based upon facts alleging that appellant attempted to pry open a bedroom window of the same victim's occupied home on September 3, 2002.
 {¶ 3} Appellant pled no contest to the attempted burglary charge and was convicted after the trial court denied his motion to dismiss on double jeopardy grounds. Appellant appeals the conviction, presenting a single assignment of error.
 {¶ 4} "THE TRIAL COURT VIOLATED THE DOUBLE JEOPARY CLAUSE OF THE OHIO AND U.S. CONSTITUTIONS WHEN IT FOUND APPELLANT GUILTY OF ATTEMPTED BURGLARY AFTER ANOTHER COURT HAD ALREADY FOUND HIM GUILTY OF CRIMINAL TRESPASS BASED ON THE SAME ACT."
 {¶ 5} We overrule appellant's assignment of error. When the offenses charged are separate and distinct because they arise from different transactions, and different evidence is required to prove each, then double jeopardy is not applicable. State v. Bentley, Athens App. No. 01CA13, 2001-Ohio-2398; see State v. Johnson (1960),112 Ohio App. 124, 130-131; see, also, Blockburger v. United States
(1932), 284 U.S. 299, 304 (the rule is where same act or transaction
[emphasis added] constitutes violations of two distinct statutory provisions, the test of whether there is one or two offenses is whether each provision requires proof of a fact that the other does not).
 {¶ 6} Based on the evidence before us, we find that the attempted burglary charge, which was appellant's conduct of attempting to pry open the bedroom window of the victim's occupied house, was a separate act or transaction from appellant's conduct of hiding in the brush on the victim's property without permission. The second transaction of hiding on the victim's property without permission occurred after appellant terminated his attempted burglary and attempted to elude police. Therefore, the two charges were based upon two acts or transactions and we find, therefore, that appellant has failed to present evidence of a double jeopardy violation.
 {¶ 7} Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, J., concurs.
WALSH, J., dissents without written opinion.
[1] Appellant failed to provide a transcript of the plea hearing in municipal court. The state provided to the trial court an uncontested recitation of the language of the criminal trespass complaint, which we will consider for the limited purpose of this appeal.