OPINION
{¶ 1} Defendant-appellant, Melinda Dowd, appeals from a Mahoning County Common Pleas Court judgment convicting her of failure to comply with an order or signal of a police officer, and sentencing her to five years of incarceration.
 {¶ 2} Appellant has not filed a transcript or provided this court with a statement of facts leading up to her indictment. Thus, the facts in this case are scarce. As best we can gather, appellant was found guilty of reckless operation in Youngstown Municipal Court in October 2001.
 {¶ 3} On November 8, 2001, a Mahoning County Grand Jury indicted appellant for failure to comply with an order or signal of a police officer, a third degree felony in violation of R.C.2921.331(B)(C)(5)(a)(ii). Appellant applied for admission into the Mahoning County Felony Drug Court stating that the charge against her was related to her drug addiction. The trial court found appellant eligible and her case was transferred to the drug court. Then on December 5, 2001, appellant entered a guilty plea to the charge.
 {¶ 4} Appellant violated the terms of the drug court on several occasions. On February 6, 2003, the court granted appellee's motion to terminate appellant from the drug court.
 {¶ 5} Appellant subsequently filed motions to dismiss the charge and to vacate her guilty plea based on double jeopardy grounds. The trial court denied appellant's motion to vacate her plea and held that her motion to dismiss was moot. It then sentenced appellant to the maximum term of five years of incarceration. Appellant filed a timely notice of appeal on May 15, 2003.
 {¶ 6} Appellant raises one assignment of error, which states:
 {¶ 7} "The plea and conviction and finding of guilt by the trial court should be vacated, the conviction reversed and the underlying charge dismissed based upon a violation of defendant/appellant's constitutional rights guaranteed under the United States constitution, to wit; a violation of herfifth amendment right against double jeopardy since her former conviction of reckless operation is a bar to a subsequent conviction of felony fleeing and eluding, since reckless operation does not require proof of any fact beyond the facts contained in the felony fleeing and eluding charge."
 {¶ 8} Appellant argues that a former prosecution and conviction of reckless operation is a bar to a subsequent conviction of felony fleeing and eluding. Citing, State v.Morton (Apr. 30, 1999), 1st Dist. No. C-980391; State v. Knaff
(1998), 128 Ohio App.3d 90, 713 N.E.2d 1112. Appellant reasons that the rationale behind these two cases is that the reckless operation offense does not require proof of any fact beyond those facts contained in the felony failure to comply charge. Appellant argues that if one of the offenses contains all the elements contained in another, conviction of one leads to double jeopardy on the other.
 {¶ 9} On the other hand, appellee contends that because appellant's conduct that resulted in the charge of reckless operation was a separate act from her conduct that resulted in the charge of failure to comply, double jeopardy does not apply. Specifically, appellee contends that the reckless operation charge resulted from the observations of two officers while following appellant in an unmarked car, while the failure to comply charge arose from appellant eluding a different officer's marked car, which had its lights and sirens activated.
 {¶ 10} The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall, "be subject for the same offense to be twice put in jeopardy of life or limb." The double jeopardy clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. State v. Wright, 7th Dist. No. 01-CA-80, 2002-Ohio-6096.
 {¶ 11} In determining whether two offenses are actually the same offense for double jeopardy purposes, courts apply the test set out in Blockburger v. U.S. (1932), 284 U.S. 299, 304,52 S.Ct. 180, 76 L.Ed. 306, as follows: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."
 {¶ 12} But "[i]f the offenses charged are separate and distinct because they arise from different transactions, and different evidence is required to prove each, then double jeopardy is not applicable." City of Elyria v. Rowe (April 11, 2001), 9th Dist. No. 00CA007700, citing State v. Johnson
(1960), 112 Ohio App. 124, 130, 165 N.E.2d 814. Furthermore, the fact that a defendant has been put in jeopardy for one criminal act is not a bar to prosecution for a separate and distinct criminal act merely because they are closely connected in point of time, place and circumstance. Johnson, 112 Ohio App. at 128.
 {¶ 13} Before proceeding any further, we must note that appellant has not provided this court with a transcript or record of the proceedings in the municipal court, nor has she provided an App. R. 9(C) transcript substitute. Furthermore, there is no mention on the record of the facts of the offense that resulted in appellant's guilty plea. It is appellant's duty to provide us with a transcript or transcript substitute in accordance with App.R. 9. Without a transcript, this court cannot determine what facts constituted the reckless operation charge that appellant pled no contest to and what facts constituted the failure to comply charge that appellant pled guilty to.
 {¶ 14} In this matter, appellant argues that the two separate charges arose from the same act. But appellee contends that they stemmed from two separate acts, one pursuit by two officers in an unmarked car and another pursuit by a different officer in a marked police car. As no evidence exists on the record as to what actually occurred the day of the offenses, we have no way to evaluate whether appellant's conduct constituted two separate and distinct offenses.
 {¶ 15} This court has repeatedly stressed that it is an appellant's responsibility to provide us with a record of the facts, testimony, and evidence in support of their assignments of error. State v. Funkhouser, 7th Dist. No. 02-BA-4, 2003-Ohio-697, at
¶ 13, citing Youngstown v. McDonough (Dec. 12, 2000), 7th Dist. No. 00-CA-19; Mcready v. Guthrie (June 13, 2000), 7th Dist. No. 99-CA-52; Brunswick v. Diana (June 13, 2000), 7th. Dist. No. 99-CA-108; Struthers v. Harshbarger (Dec. 27, 1999), 7th Dist. No. 98-CA-253, application for reconsideration denied (Oct. 4, 2000), 7th Dist. No. 98-CA-253. Since appellant has not provided us with any facts in the record on which to review her claim, we have no choice but to presume the validity of the trial court's judgment. Appellant's assignment of error, therefore, is without merit.
 {¶ 16} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, P.J., concurs.
DeGenaro, J., concurs.