Walter BROCK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 31, 1972.

Walter Brock, pro se.

Ed W. Hancock, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

The appellant was tried November 23, 1970, under an indictment containing two counts of possessing cocaine and two counts charging him with the sale of cocaine in violation of KRS 218.020.

On May 5, 1971, the appellant filed a motion under RCr 11.42 in an effort to vacate the judgment of conviction. The trial judge overruled the motion without a hearing. This appeal followed.

Appellant first argues that he was placed in double jeopardy in that possession of cocaine and the sale of cocaine constitute a single offense. The supreme court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), held that if each offense requires proof of a different fact, then the constitutional inhibition against double jeopardy is not violated.

The appellant next charges that his conviction cannot be upheld for failure of the Commonwealth to offer corroborating testimony in support of the evidence of an accomplice (RCr 9.62). Specifically, appellant says a police informer who testified that he bought the narcotics from the appellant was an accomplice. In this the appellant is in error. The police informer was not an accomplice. We find this argument without merit.

Appellant challenges the evidence as it relates to the question of custody or possession of the narcotics and questions the qualifications of the witness who identified same. This amounts to an attack upon the credibility of the witness and the admissibility and sufficiency of the evidence, which is not a ground for relief under RCr 11.42. King v. Commonwealth, Ky., 387 S.W.2d 582 (1965).

The appellant charges that he was denied effective assistance of counsel. He lists the following particulars which he claims amount to ineffective assistance of his attorney: (1) His attorney did not represent him fully because he was attempting to be appointed judge in some court in Louisville; (2) his attorney did not consult with him concerning the offense and made no effort to secure the officer-informer's statement which was the basis of the warrant; (3) his attorney made no effort to contact witnesses or investigate the character of the informer; (4) his attorney made no motion to dismiss the case at the close of the Commonwealth's evidence; and (5) he only saw his attorney three times. There is no allegation of prejudice. We hold that these allegations are not sufficient. Brown

v. Commonwealth, Ky., 396 S.W.2d 773 (1965); Baldwin v. Commonwealth, Ky., 406 S.W.2d 860 (1966); and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L. Ed.2d 419 (1970).

The appellant attempts in his brief to claim error by the trial judge in failing to advise him of his right to appeal as directed by RCr 11.02(2). There is no such allegation in his motion under RCr 11.42. This question was not before the trial court and is, therefore, not the subject of appellate review.

The judgment is affirmed.

All concur.