■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VIDAL DROZ, Appellant.— Judgment, Supreme Court, Bronx County, rendered November 8, 1972, convicting defendant after a jury trial of the crimes of criminal sale of a dangerous drug in the third degree (two counts), criminal possession of a dangerous drug in the fourth degree (two counts), and criminal possession of a dangerous drug in the sixth degree (two counts), unanimously modified, on the law, to the extent of reversing the convictions for criminal possession of a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the sixth degree, vacating the concurrent sentences imposed thereon, and dismissing those counts of the indictment, and as so modified the judgment is otherwise affirmed. Defendant was indicted, tried and convicted on the above-mentioned counts; and was sentenced to concurrent indeterminate terms of imprisonment of zero to five years for each of the four sales and felonious possession counts and to two definite one-year terms of imprisonment on the misdemeanor possession counts, all said terms to run concurrently. A verdict of guilty on the greater of two or more inclusory concurrent counts of an indictment is deemed a dismissal of every lesser count submitted (CPL 300.40, subd. 3, par. [b]). Concurrent counts are "inclusory" when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater. (CPL 300.30, subd. 4.) In this case, the courts charging the defendant with criminal sale of a dangerous drug in the third degree, criminal possession of a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the sixth degree were all " inclusory concurrent counts " and, hence, a verdict of guilty on the greater counts of criminal sale of a dangerous drug in the third degree, must be deemed a dismissal of the lesser counts of criminal possession of a dangerous drug in the fourth and sixth degrees, but not an acquittal thereon. Accordingly, the convictions as to the counts of criminal possession of a dangerous drug in the fourth and sixth degrees must be dismissed. (See *People* v. *Pyles*, 44 A D 2d 784.) We have examined the other points urged by appellant and find them without merit. Concur — Kupferman, J. P., Lupiano, Steuer, Capozzoli and Lane, JJ.