MILLS, Judge.
Appellant-defendant was charged in a three-count amended information with (1) resisting an officer with violence, (2) sale of marijuana in excess of five grams, and (3) possession of marijuana in excess of five grams, all occurring on 22 October 1973. He was convicted of all charges.
*205 The trial court pronounced sentence in the following language:
“ . . . Giving no legal cause why sentence should not be imposed, it is the judgment and sentence of this Court as to the offense of possession of controlled substance and sale of controlled substance, that you be taken by the Sheriff of Duval County and by him delivered to the proper authorities at the State Prison, there to be confined to hard labor for the full term and period of five years.”

“ . . . Giving no legal cause why sentence should not be imposed, it is the judgment and sentence of this Court that you, Paul Russell Layton, be taken by the Sheriff of Duval County and by him delivered to the proper authorities at the State Prison, there to be confined to hard labor for the full term and period of two years, the said two years to run consecutive to the five years I gave on the other count.”
Defendant contends the trial court imposed concurrent five-year sentences for the offenses of sale and possession of marijuana which is prohibited by Yost v. State, 243 So.2d 469 (Fla.App.1971), as these offenses were facets of the same transaction.
The State contends that one five-year sentence was imposed for the combination of both offenses.
The trial court could not lawfully impose concurrent sentences for the two offenses nor impose one sentence for the combination of both offenses. Only one sentence should have been imposed and that for the highest offense charged. Yost v. State, supra.
We have examined the other points r.aised on appeal and find them to be without merit.
The judgment and sentence on the charge of resisting an officer with violence are affirmed. The sentence or sentences on the charges of sale and possession of marijuana are vacated and this cause is remanded with direction that appellant be properly sentenced in accordance herewith.
BOYER, Acting C. J., and McCORD, J., concur.