Raymond E. Aldrich, Jr., J.
The defendant was indicted for having committed four crimes involving the narcotic drug heroin, namely, the crimes of criminal sale of a controlled substance in the third degree, a class A-III felony, and criminal possession of a controlled substance in the third degree, a class A-III felony, on November 3, 1973 and again on November 5, 1973, and by jury verdict he was found guilty of all four crimes.
In its discretion the trial court submitted to the jury for their consideration all four counts (CPL 300.40, subd 4), stressing in the charge the separate nature of the two crimes alleged to have occurred on November 3, 1973 and the two on November 5,1973.
The defendant now contends that his convictions of the crime of criminal sale on November 3, 1973 under the first count and on November 5, 1973 under the third count should be deemed a dismissal of his convictions of the crime of criminal possession (with intent to sell) on November 3, 1973 under the second count and on November 5, 1973 under the fourth count, since these latter two counts are lesser inclusory concurrent counts under the two sale counts, citing CPL 300.40 (subd 3 par [b]).
The People oppose the motion upon the ground that the second and fourth counts charging criminal possession (with intent to sell) crimes are not inclusory concurrent counts of the crimes of criminal sale nor are they lesser included offenses under the sale crimes charged in the first and third counts.
The issue raised appears to be novel, and neither the court nor counsel have found any recorded decision holding the crime of criminal possession in the third degree (with intent to sell), a class A-III felony, in violation of subdivision 1 of section 220.16 of the Penal Law, is a lesser included offense under the crime of criminal sale in the third degree, a class A-III felony, in violation of subdivision 1 of section 220.39 of the Penal Law.
CPL 300.30 (subd 3) defines concurrent counts: "Concurrent *987 counts means two or more counts of an indictment upon which concurrent sentences only may be imposed in case of conviction thereon.”
The A-III felony crimes of criminal sale and criminal possession (with intent to sell) on November 3, 1973 were committed through a single act of the defendant, and the same finding applies to the two crimes charged on November 5, 1973, thus only concurrent terms of imprisonment may be imposed (Penal Law, § 70.25, subd 2) under the first and second counts, and also under the third and fourth counts, since the first and second counts, and the third and fourth, are concurrent counts with respect to each other respectively.
The next question to be decided is whether the concurrent counts alleging criminal sale and criminal possession with intent to sell are inclusory or noninclusory.
CPL 300.30 (subd 4) defines inclusory concurrent counts: "Concurrent counts are 'inclusory’ when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater. All other kinds of concurrent counts are 'noninclusory.’ ”
CPL 1.20 (subd 37) defines a lesser included offense: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.’ In any case in which it is legally possible to attempt to commit a crime, an attempt to commit such crime constitutes a lesser included offense with respect thereto.”
This court does not believe that the crime of criminal possession of a controlled substance in the third degree, a class A-III felony, is a lesser offense under the crime of criminal sale of a controlled substance in the third degree, a class A-III felony. Both of these crimes are of the same grade or degree, they both have the same classification (Penal Law, § 55.05), and they carry the same punishment. The jury could have found that the defendant committed the crime of criminal possession of a controlled substance (with intent to sell) in the third degree without concomitantly by the same conduct committing the crime of criminal sale of a controlled substance in the third degree (CPL 1.20, subd 37), and since the sale crime and the possession crime are of the same grade or degree, neither is a lesser included offense under the other. It *988 follows therefore that the sale crime and the possession crime are noninclusory by virtue of those facts (CPL 300.30, subd 4).
As a way of example, if this defendant had been charged with the crime of criminal sale of a controlled substance in the third degree, a class A-III felony, and by the same indictment he had also been charged with the crime of criminal possession of a controlled substance in the sixth degree, a class D felony, then the counts would certainly be concurrent inclusory, and a conviction of the greater sale offense would be a dismissal of the lesser possession offense. This example, however, was not presented in this case, for the crimes charged were criminal sale in the third degree and criminal possession in the third degree, and therefore the possession crime is not a lesser offense under the sale crime and both crimes are noninclusory. (People v Droz, 46 AD2d 751.)
For the foregoing reasons the motion is denied, and the conviction of the defendant under the second and fourth counts of criminal possession will not be dismissed.