STATE OF NEBRASKA, APPELLEE, V. RODNEY L. BERNTH, APPELLANT.

246 N. W. 2d 600

Filed November 3, 1976. No. 40611.

Cunningham, Blackburn, VonSeggern & Livingston, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

The defendant, on trial to the court, was convicted of possession of marijuana, and possession of marijuana with intent to distribute it. He was sentenced to 2 years probation and a fine of $150 on each count.

Two propositions are presented on appeal. Should evidence of the marijuana found pursuant to a search warrant be suppressed? Do the two counts contained in

the information set out two separate offenses or is one a lesser included offense?

The search warrant is challenged solely on the ground that the affidavit therefor failed to sufficiently indicate that the marijuana was kept at defendant's residence, the locale of the search. The affidavit stated that the defendant had informed a concedely reliable informant that he had "pounds of grass for sale." The affidavit further stated that the informant had identified defendant's place of residence and that affiant believed the controlled substance was situated there. Is this sufficient identification of the situs of the marijuana?

It has long been the rule that reasonable grounds for the issuance of a search warrant to search specified premises exist if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe the property sought was on the premises described. See, Dumbra v. United States, 268 U. S. 435, 45 S. Ct. 546, 69 L. Ed. 1032; United States v. Stewart, 79 F. Supp. 313; United States v. Rahn, 511 F. 2d 290 (10th Cir., 1975).

In Bastida v. Henderson, 487 F. 2d 860 (5th Cir., 1973), involving a search for pistols used in a robbery there was no definite information as to the situs of the pistols but the search was held to have been made on probable cause. The court stated: "In issuing a search warrant the magistrate must exercise his own judgment as to whether the facts alleged in the affidavit constitute probable cause for issuance of the warrant, he must act on the entire picture disclosed to him, he is entitled to use his common sense, and the courts have gone so far as to say that when this is done his determination is conclusive in the absence of arbitrariness. * * *

"They feared that they had killed their victim but they had not thrown away their pistols. A very likely place to find them thereafter would either be on the persons of the assailants or about the premises where they lived. In any event, it was not unreasonable or

arbitrary for the magistrate to find that there was probable cause to believe such to be the case. It necessarily follows that a statement of the informer (repeated in the affidavit) that the pistols would 'still be within the apartment on April 17' was not an indispensable prerequisite to the validity of the warrant issued in reliance upon its allegations."

In United States v. Mulligan, 488 F. 2d 732 (9th Cir., 1973), it was held: "Although there was no direct evidence that any evidence from the burglary was inside Dinsio's residence, there was sufficient evidence from which the magistrate could use his common sense to infer that the loot and tools, if not buried, were probably in the house."

In Agnellino v. State of New Jersey, 493 F. 2d 714 (3d Cir., 1974), it was held: "Probable cause for issuance of search warrant existed where, accepting as reliable underlying facts appearing in affidavit, a man of reasonable caution would have been warranted in believing that defendant was concealing stolen television sets, and that one of sets had previously been transferred to informant at a place within close proximity to a business establishment which was owned and operated by defendant and was of sufficient size and character to conveniently conceal televisions." See, also, United States v. Lucarz, 430 F. 2d 1051 (9th Cir., 1970); United States v. Rahn, *supra*.

In United States v. Ventresca, 380 U. S. 102, 85 S. Ct. 741, 13 L. Ed. 2d 684, it was held: Affidavits for search warrants must be tested and interpreted by magistrates and courts in commonsense and realistic fashion, and technical requirements of elaborate specificity once exacted under common-law pleadings have no proper place in the area. Where circumstances are detailed in affidavit for search warrant, and where reason for crediting source of information is given, and where magistrate has found probable cause, courts should not invalidate warrant by interpreting affidavit in hypertechnical

rather than in commonsense manner. Though in particular case it may not be easy to determine when affidavit for search warrant demonstrates existence of probable cause, resolution of doubtful or marginal cases in area should be largely determined by preference to be accorded to warrants.

An individual's residence is a private area inaccessible to all others. Its contents can only be determined by persons other than the occupants or invitees on the basis of observation of the inhabitants, their actions, and remarks. Seldom can an affiant seeking a search warrant state positively that a certain residence contains contraband. Such a conclusion can only be arrived at by a magistrate on consideration of known facts and common-sense probabilities. Controlled substances are of considerable value on the street, much sought after by users, and, unless kept in a safe place, subject to theft. Wide experience over the years has demonstrated that such items are usually kept in a dealer's place of residence and under constant surveillance or supervision. The defendant was obviously a dealer. He had "pounds" of marijuana. Such a quantity would not be carried on his person or left unprotected in an automobile. Where then does logic and common sense dictate that it would be kept? There is only one answer, his residence. A magistrate is not required to ignore the lessons of experience or to disregard logic and common sense. We conclude that the affidavit for a search warrant was sufficient and the motion to suppress evidence properly overruled.

The second issue presents the question of whether "possession" is a separate or included offense in regard to "possession with intent to distribute." We have held that a lesser included offense is one which includes some of the elements of the crime charged without the addition of any element irrelevant to the crime charged. See, State v. Jones, 186 Neb. 303, 183 N. W. 2d 235; State v. McClarity, 180 Neb. 246, 142 N. W. 2d 152.

Possession and possession for sale or distribution of controlled substances are generally treated as one offense. In United States v. Upthegrove, 504 F. 2d 682 (6th Cir., 1974), it was held that possession of a controlled substance is a lesser included offense within a charge of possession with intent to distribute. To the same effect are State v. Johnson, 112 Ohio App. 124, 165 N. E. 2d 814; Jerskey v. State (Wyo.), 546 P. 2d 173; People v. Brown, 185 Colo. 272, 523 P. 2d 986. There are also a number of cases which hold that possession of a controlled substance is a lesser included offense in a charge of sale or transporation. See, State v. Morales (Ore. App.), 537 P. 2d 109; Fairman v. State, 83 Nev. 137, 425 P. 2d 342; Layton v. State (Fla. App.), 309 So. 2d 204; People v. Droz, 360 N. Y. S. 2d 681, 46 App. Div. 2d 751. There are some cases holding to the contrary where charges of possession of a controlled substance and of sale or transportation of such substance are involved. See, State v. Davis, 68 N. J. 69, 342 A. 2d 841; State v. Cameron, 283 N. C. 191, 195 S. E. 2d 481; Brock v. Commonwealth (Ky. App.), 479 S. W. 2d 644; People v. Stewart, 46 Mich. App. 282, 207 N. W. 2d 907.

It is apparent that the same evidence is sufficient to sustain a charge of possession of a controlled substance and possession with intent to distribute. The only distinction is one of intent. Intent is a mental process which is ordinarily inferred from the surrounding circumstances and in drug cases the quantity of the drug on hand is often determinative, although evidence of former sales and the fact that the defendant is not a user of the drug may be important considerations. In any event, proof of possession with intent to distribute necessarily proves simple possession. "Possession" includes the identical elements contained in a charge of "possession with intent to distribute" except for the element of intent. We therefore conclude that the charge of "possession" was a lesser included offense within the charge of "possession with intent to distribute."

The judgment of the District Court is affirmed with the exception that it is reversed as to the conviction and sentence on the charge of simple possession.

AFFIRMED IN PART, AND IN PART REVERSED.

McCOWN, J., dissenting.

The majority opinion here goes far beyond any prior decisions of this court, or of any other court, in emasculating the Fourth Amendment protection against unreasonable searches and seizures. This court now holds that if an affidavit for a search warrant shows only that a "reliable" informer reported that a named individual orally stated that he "had pounds of grass for sale," that information standing alone is sufficient to establish probable cause for the issuance of a warrant to search the residence of the individual who reportedly made the statement. The holding necessarily means that a search warrant could also have been properly issued to search the individual's automobile, office, place of business, or any other place under his control. There is no case cited in the majority opinion, nor have we found one anywhere, in which the affidavit for the search warrant contained nothing more than the bare report of an informer that a suspect had stated that he had contraband.

The law is clear that in passing on the validity of a search warrant, the court may consider only information brought to the attention of the magistrate. For the affidavit of a tip from an informant to be sufficient, the magistrate must be informed of (1) some of the underlying circumstances from which the informant concluded that the articles were located where he claimed they were, and (2) some of the underlying circumstances from which he also concluded that the informant was credible. See, Aguilar v. Texas, 378 U. S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723; State v. Holloway, 187 Neb. 1, 187 N. W. 2d 85; State v. Glouser, 193 Neb. 190, 226 N. W. 2d 328; State v. LeDent, 185 Neb. 380,

176 N. W. 2d 21. It is conceded in this case that the informer was reliable.

A recital of some of the underlying circumstances in the affidavit for a search warrant is essential if the magistrate is to perform his function. Mere affirmance of belief or suspicion is not sufficient. See State v. Holloway, *supra.* The affidavit here recited a bare conclusion reflecting only suspicion. It recited none of the underlying circumstances from which either the informer or the affiant concluded that the marijuana was located in the residence of the defendant. There was no information against the defendant before the magistrate except the quoted statement from the affidavit, nor was any other information presented at the suppression hearing. There is no information in the affidavit that the defendant had ever been associated with drug or criminal activities, or had ever possessed, sold, or used marijuana. There is no information or circumstance of any kind to support any such assumption, except for the fact that the defendant reportedly made the quoted statement. Yet the majority opinion says: "The defendant was obviously a dealer." If that be true, then the same conclusion would necessarily follow as to any citizen who was reliably reported to have made the same statement, even if the statement was made in jest. As the trial court said at the original suppression hearing: "Well, I guess I'd better not tell anyone that I have marijuana in my home, or I may be invaded by the police."

The Fourth Amendment to the Constitution of the United States and Article I section 7, of the Constitution of Nebraska, provide: "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant(s) shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person(s) or thing(s) to be seized."

The decision of this court effectively destroys the protection afforded to every citizen under the specific terms of the Constitution of the United States and the Constitution of Nebraska. It also sets out a new and unique basis for determining what constitutes probable cause for the issuance of a search warrant. If the home of any citizen is open to police search whenever a reliable informer reports that the citizen made a statement implicating himself in the possession of illegal substances or things, the dread spectre of a police state is all too close and real. Constitutional freedoms should never be so easily discarded. The trial court's determination at the original suppression hearing was eminently correct, and should have been approved by this court.

CLINTON, J., dissenting.

I dissent because the affidavit recites none of the underlying circumstances from which either the informer or the affiant concluded that the marijuana was located in the residence of the defendant.