STATE OF NEBRASKA, APPELLEE, v. CLIFFORD DAVIS, APPELLANT.

256 N. W. 2d 678

Filed August 10, 1977. Nos. 40687, 40688.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Heard before WHITE, C.J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

These are appeals from two criminal prosecutions brought against the defendant. The first amended information, case No. 40687, charged the defendant with unlawful possession with intent to deliver the controlled substance heroin in count I; illegal possession of a firearm by a felon in count II; and with being a habitual criminal in count III. The second information, case No. 40688, charged the defendant with possession of a controlled substance, phencyclidine. The defendant, in a consolidated trial, was tried by a jury and found guilty of all substantive charges under both informations. The District Court found the defendant to be a habitual criminal and sentenced him to a term of 15 to 45 years imprisonment in the Nebraska Penal and Correctional Complex on the first information and to a concurrent term of 5 years imprisonment on the second information. We affirm the judgment and sentence of the District Court in case No. 40688, and remand case No. 40687 for resentencing.

The defendant first contends that the District Court committed reversible error when it overruled his motions to withdraw his rest on his motion to suppress, and for a continuance of the trial to permit his counsel to depose the police informant. The defendant argues this denial deprived him of his constitutional right to effective assistance of counsel and constituted an abuse of discretion.

There is no question raised concerning counsel's ability, investigation, or preparation in this case. The contention is the District Court prevented the defendant from having effective assistance of counsel when it denied his motions to withdraw his rest and for a continuance to allow the deposition of the police informant.

In Avery v. Alabama, 308 U. S. 444, 60 S. Ct. 321, 84 L. Ed. 377 (1940), the Supreme Court said: "Since the Constitution nowhere specifies any period which must intervene between the required appointment of counsel and trial, the fact, standing alone, that a continuance has been denied, does not constitute a denial of the constitutional right to assistance of counsel. In the course of trial, after due appointment of competent counsel, many procedural questions necessarily arise which must be decided by the trial judge in the light of facts then presented and conditions then existing. Disposition of a request for continuance is of this nature and is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed."

"A motion for a continuance is addressed to the sound discretion of the court, and in the absence of a showing of an abuse of discretion, a ruling on a motion for a continuance will not be disturbed on appeal." State v. Goodloe, 197 Neb. 632, 250 N. W. 2d 606 (1977). We have reviewed the record and find no abuse of discretion or denial of defendant's right to effective assistance of counsel by the District Court in denying defendant's motions to withdraw his rest

and for a continuance. This contention is without merit.

The defendant next contends that the District Court committed reversible error in overruling his motion to suppress tangible evidence seized by police in a midnight search of his apartment on October 3, 1975. The defendant argues that the police affidavit, upon which the warrant for the search of his apartment issued, was invalid.

The tests for determining the validity of an affidavit were stated in Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964), as follows: "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U. S. 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where they claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U. S. 528, was 'credible' or his information 'reliable.' "

The search warrant was requested by Officer John Farmer of the vice and narcotics unit of the Omaha police department. In his affidavit, Officer Farmer stated: "Your affiant has received information from a reliable informant that inside the apartment of 302 North 22nd St., Omaha, Nebraska informant saw an amount of Heroin, within the last 72 hours. This informant has proven their (sic) reliability in the past to affiant on several occasions and also to officer Smith, Leonard of the V/N Unit by giving narcotic related information which led to the issuance of Search Warrants resulting in the recovery of Heroin and Cocaine and the arrests of numerous parties charged with Felony Narcotic cases in the District Court of Omaha. The informant does know what Heroin looks like and how it is packaged for

street sale and has also proven this to Officer Smith and affiant by making controlled narcotic purchases of Heroin and other contraband. Informant stated to affiant that the Heroin was in the control of a party named Clifford Davis who resides at 302 N. 22nd St., Apt. # 807.''

The defendant argues that the affidavit is defective in that Officer Farmer's opinion of the informant's reliability was not based upon his personal knowledge of or past dealings with the informant, but rather was based upon Officer Farmer's knowledge of informant's past dealings with Officer Smith, a fellow officer in the vice and narcotics unit of the Omaha police department.

We do not believe that the basis of an affiant's opinion as to the informant's reliability need be based solely upon the affiant's direct knowledge of the informant or the result of past dealings between the affiant and the informant. It is permissible that the affiant's opinion of the informant's proven reliability be based upon the affiant's knowledge of the informant's past contacts with another, in this case, for example, a fellow police officer. In Aguilar v. Texas, *supra,* the Supreme Court clearly stated that an affidavit may be based upon hearsay information and need not reflect the direct observations of the affiant. This court has recognized that affidavits for search warrants must be tested in a commonsense and realistic fashion by the courts, and that courts should not invalidate search warrants by interpreting affidavits in a hypertechnical rather than a commonsense manner. See State v. Bernth, 196 Neb. 813, 246 N. W. 2d 600 (1976). There is no merit to this contention.

The defendant's last contention is that he was improperly sentenced under the habitual criminal act, section 29-2221, R. R. S. 1943. We agree with this contention. The record shows that the State's original informations in both cases did not charge the

defendant with habitual criminal status. The defendant was tried and convicted in a consolidated trial on two informations. Case No. 40687 charged unlawful possession with intent to deliver the controlled substance heroin in count I; and illegal possession of a firearm by a felon in count II. The second information, case No. 40688, charged the defendant with possession of a controlled substance, phencyclidine. Subsequently amended informations alleging habitual criminal counts were added, but the record shows that the amended information in case No. 40688 was withdrawn, and the original one, which did not allege habitual criminal status, was reinstated. In case No. 40687, the amended information charged the defendant with only *one* prior felony conviction and sentence of imprisonment in count III, the habitual criminal count.

The State argues that this is immaterial since the defendant admitted in open court that he was guilty of at least five felonies, and that he raised no objection at the hearing on the sufficiency of the information. We have categorically held where punishment of an accused as a habitual criminal is sought, the facts with reference thereto must be charged in the indictment or information which contains the charge of the felony upon which the accused is prosecuted. The information must contain, for a charge to be valid under the habitual criminal act, that he has been twice previously convicted of a crime and sentenced to at least 1 year confinement on each conviction. State v. Harig, 192 Neb. 49, 218 N. W. 2d 884; Rains v. State, 142 Neb. 284, 5 N. W. 2d 887. The habitual criminal count being fatally defective, it therefore appears that the defendant's two concurrent sentences of 15 to 45 years on the two counts including habitual criminal charges in case No. 40687 were invalid and must be set aside and the cause remanded for resentencing.

In case No. 40688, charging unlawful possession of

a controlled substance, the court originally on February 23, 1976, sentenced the defendant under the habitual criminal act. On March 1, 1976, the court set this sentence aside on the ground that the habitual criminal statute did not apply because the amended information which contained the habitual criminal count had been withdrawn. The court then proceeded to sentence the defendant to a term in the Nebraska Penal and Correctional Complex for a period of 5 years. This was a valid sentence.

The judgment of conviction and the sentence in case No. 40688 is therefore affirmed. The judgment of conviction in case No. 40687 is affirmed but the habitual criminal sentences are set aside because of the defective information and the cause is remanded for proper sentencing in conformity with this opinion.

JUDGEMENT IN CASE NO. 40688 AFFIRMED.
JUDGEMENT IN CASE NO. 40687 AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR RESENTENCING.