STATE OF NEBRASKA, APPELLEE, V. WILLIAM M. MALONE, JR., APPELLANT.

552 N.W.2d 775

Filed August 6, 1996.   No. A–95–1352.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays for appellant.

Don Stenberg, Attorney General, and James A. Elworth for appellee.

IRWIN, SIEVERS, and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

William M. Malone, Jr., appeals his conviction for possession of marijuana with intent to distribute. See Neb. Rev. Stat. § 28–416 (Cum. Supp. 1994). Malone received a sentence of 18 months' probation and $25 restitution. Malone appeals, alleging error in the jury instructions given by the district court. Because we find that a lesser–included offense instruction should have been given, we reverse, and remand for a new trial.

## II. BACKGROUND

This case arises from an incident occurring on November 23, 1994, in Lincoln, Nebraska. On November 23, Officer Dan Doggett of the Nebraska State Patrol went to an apartment in Lincoln to complete a purchase of crack cocaine in furtherance of a pending drug investigation. The apartment was maintained by the State Patrol as part of the investigation. A cooperating individual named "Tina" was residing in the apartment while she assisted the State Patrol.

On November 23, Officer Doggett met an individual named "Monte Scott" at the apartment and purchased cocaine from him. After the transaction, Scott left the apartment to retrieve more cocaine for Officer Doggett. As Officer Doggett waited for Scott's return, he answered a telephone call from an individual that Doggett knew only as "Baybay." Baybay informed Officer Doggett that he had a person with him who was "looking to unload a two-five." Officer Doggett interpreted the comments to mean that someone was offering to sell drugs, and he asked Baybay to bring the individual to the apartment. According to the evidence, Baybay was not a cooperating individual and was not aware that Officer Doggett was a police officer.

Shortly after the phone conversation, Baybay arrived at the apartment accompanied by an individual named "Mickey." At trial, Officer Doggett identified Malone as the individual named "Mickey." Officer Doggett, Tina, Baybay, and Malone engaged in conversation, during which Malone inquired about the possibility of purchasing some crack cocaine. Officer Doggett told Malone no and testified that he could not sell any drugs to Malone, but that he could purchase drugs from Malone.

Officer Doggett inquired if Malone had the "two-five" to sell, at which time Malone produced one-eighth of an ounce of marijuana. After negotiating the price, Officer Doggett purchased the marijuana from Malone for $25 plus one cigar. During the course of this entire transaction with Malone, Officer Doggett was wearing an electronic monitoring device which transmitted the conversation to a nearby recorder. The entire transaction was thus tape-recorded.

At trial, the State provided testimony from Officer Doggett, from the officer who actually recorded Officer Doggett's conversation with Malone, and from a forensic drug chemist who performed an analysis on the substance purchased from Malone. Malone testified on his own behalf.

At the conclusion of the evidence, a jury instruction conference was held. During the conference, Malone requested an instruction on simple possession of marijuana as a lesser-included offense of possession with intent to distribute and also requested an instruction on the defense of entrapment.

The court declined to give either instruction. The court did, however, instruct the jury on the defense of intoxication at the request of Malone and over the objection of the State.

During deliberations, the jury sent the district judge a note inquiring whether it was to consider the defense of entrapment. The court conducted a hearing with the parties present, during which the parties were allowed to provide argument concerning the appropriate response to be given to the jury. Malone's attorney requested that the court simply tell the jury to follow the instructions as already given to it. The State requested that the court specifically inform the jury not to consider entrapment as a defense in this case. The court then sent the jury a written response that it was not to consider the defense of entrapment in this case and that it was to decide the case on the instructions previously given to it. Malone promptly moved for a mistrial based on the court's response to the inquiry, and the court overruled Malone's motion.

The jury returned a verdict of guilty of possession of marijuana with intent to distribute. The court sentenced Malone to 18 months' probation and ordered Malone to pay $25 restitution and costs of the action. Malone timely filed this appeal.

## III. ASSIGNMENTS OF ERROR

On appeal, Malone has assigned numerous errors in the proceedings in the district court. Among his assigned errors, Malone asserts that the district court erred in failing to instruct the jury on simple possession of marijuana as a lesser-included offense of possession with intent to distribute. Because our decision regarding this error is dispositive, we will not address the remaining assigned errors. See, *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994); *State v. Lewchuk, ante* p. 165, 539 N.W.2d 847 (1995). We also note that Malone has not assigned as error that there was insufficient evidence to support his conviction. See *State v. Noll*, 3 Neb. App. 410, 527 N.W.2d 644 (1995).

## IV. STANDARD OF REVIEW

To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that

(1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *State v. Mantich*, 249 Neb. 311, 543 N.W.2d 181 (1996). If the jury instructions, when read together and taken as a whole, correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal. *Id.*

## V. ANALYSIS

Malone asserts that the district court erred in refusing to give an instruction on simple possession of marijuana as a lesser–included offense of possession of marijuana with intent to distribute. The district court ruled that "under the evidence in this case the defendant is either guilty of delivery of the controlled substance or he's not guilty" and therefore ruled that it was not appropriate to instruct on the lesser–included offense. We initially note that the trial court had a duty to instruct the jury on the proper law of the case whether requested to do so or not. *State v. Woods*, 249 Neb. 138, 542 N.W.2d 410 (1996) (Fahrnbruch, J., concurring in part, and in part dissenting).

### 1. THE TEST

The test for determining whether a lesser–included offense instruction should be given is provided in *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993). In *State v. Williams*, the Nebraska Supreme Court returned Nebraska to the strict statutory elements approach for determining whether one crime is a lesser–included offense of another crime. The court further established a two–part test for determining whether or not a lesser–included offense instruction should be given in a particular case.

In *State v. Williams*, the Nebraska Supreme Court held that a trial court must instruct the jury on a lesser–included offense if

> (1) the elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational

basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense. 243 Neb. at 965, 503 N.W.2d at 566.

■ The first step of the *Williams* test requires the court to determine whether the lesser offense for which an instruction is requested is, in fact, a lesser–included offense of the crime charged. This initial determination is made by looking only to the statutory elements of the two criminal offenses. *State v. Williams, supra.* When the statutory elements of the two offenses are compared, if it is impossible to commit the greater offense *without simultaneously committing the lesser offense,* then the lesser offense is, in fact, a lesser–included offense of the crime charged. In other words, a lesser–included offense is one which has statutory elements that are entirely embraced within the elements of the greater offense. See *id.*

■ The second step of the *Williams* test requires a court to determine whether the evidence in the case produces a rational basis for concluding that a jury could acquit the defendant of the greater offense but still convict him of the lesser offense. If the answer to this inquiry is in the affirmative, then the lesser–included offense instruction should be given. The second step of the *Williams* test requires a court to examine the evidence in the case, rather than merely comparing the statutory elements. See *id.*

## 2. STEP ONE

In the present case, Malone was charged with delivery or possession of marijuana with intent to distribute. The statutory elements of possession with intent to distribute are (1) to knowingly or intentionally (2) distribute, deliver, dispense, or possess with intent to distribute, deliver, or dispense (3) a controlled substance. § 28–416(1). Malone sought a lesser–included offense instruction on simple possession. The statutory elements of simple possession are a bit more problematic.

Section 28–416 provides:

> (9) Any person knowingly or intentionally possessing marijuana weighing more than one ounce but not more than one pound shall be guilty of a Class IIIA misdemeanor.

(10) Any person knowingly or intentionally possessing marijuana weighing more than one pound shall be guilty of a Class IV felony.

(11) Any person knowingly or intentionally possessing marijuana weighing one ounce or less shall:

(a) For the first offense, be guilty of an infraction . . .

(b) For the second offense, be guilty of a Class IV misdemeanor . . .

(c) For the third and all subsequent offenses, be guilty of a Class IIIA misdemeanor . . . .

The State argues that the weight or amount of marijuana involved is also an element of simple possession, but not an element of possession with intent to distribute. The State argues that simple possession, therefore, is not a lesser–included offense of possession with intent to distribute. Given recent Nebraska Supreme Court case law, we are unable to agree.

The State argues that the Nebraska Supreme Court has specifically held that the weight of marijuana is an element of simple possession in *State v. Coca*, 216 Neb. 76, 341 N.W.2d 606 (1983). We do not find *State v. Coca* to be dispositive in the present case, however. In *State v. Coca*, the Nebraska Supreme Court was presented with an evidentiary question and thus set out the elements of possession for assistance in determining whether other similar crimes evidence would have been relevant to the charge of possession brought against the defendant. The issue in *State v. Coca* did not concern the elements of simple possession in terms of a lesser–included offense analysis. With regard to the weight of marijuana possessed, the Supreme Court's decision in *State v. Coca* merely recognizes that there needs to be some evidence of weight presented in a possession case, and for that reason weight may be a factor in determining the relevancy of other similar crimes evidence. The Nebraska Supreme Court's guidance, specifically in the area of lesser–included offenses and statutory grading of offenses, directs our analysis in this case.

■ Although we recognize that the statutory provisions which prohibit simple possession of marijuana grade the offense depending upon the weight or amount of marijuana, we do not

believe that the weight or amount is a statutory element of the offense. Weight is not an element of the substantive offense of possession, because a person is guilty of possession *regardless* of the weight or amount possessed. The weight or amount of marijuana only determines the grade of the offense and relates to the punishment which may be imposed on conviction for the offense of simple possession.

The statutory provisions prohibiting possession of marijuana are not unlike the statutory provisions prohibiting theft and criminal mischief. See Neb. Rev. Stat. §§ 28–518 and 28–519 (Reissue 1995). The statutory provisions prohibiting theft and criminal mischief also grade the offenses depending on the value of the property stolen or the pecuniary loss suffered from the criminal mischief. §§ 28–518 and 28–519. The Nebraska Supreme Court has specifically held in both the theft and the criminal mischief arenas, however, that the value of the property stolen and the pecuniary loss suffered are not statutory elements of the substantive offenses, but, rather, are factors solely for determining the punishments to be imposed for the offenses. *State v. Culver*, 233 Neb. 228, 444 N.W.2d 662 (1989) (holding that value of property stolen is not element of crime of theft and is important only in determining penalty); *State v. Pierce*, 231 Neb. 966, 439 N.W.2d 435 (1989) (holding that pecuniary loss is not element of offense of criminal mischief and only determines grade of offense for punishment purposes). But see § 28–518(8) (legislative requirement that value be element of theft).

We further note that the Nebraska Supreme Court has specifically held that possession of a controlled substance is a lesser–included offense of possession of a controlled substance with intent to distribute. *State v. Bernth*, 196 Neb. 813, 246 N.W.2d 600 (1976). Although we note that *State v. Bernth* was not decided under the modern strict statutory elements approach, in that case, the Nebraska Supreme Court held that possession includes the identical elements contained in a charge of possession with intent to distribute except for the element of intent. At the time *State v. Bernth* was decided, the Nebraska statutes prohibiting possession of marijuana included language grading the offense dependent upon the weight or amount of

marijuana possessed. See Neb. Rev. Stat. § 28-4,125(4) and (5) (Reissue 1975). This is the same law we must presently apply.

■ Despite the fact that possession was graded to provide different punishments for different weights, while possession with intent to distribute was not similarly graded, the Supreme Court held in *State v. Bernth* that the *only* element which was different between the two crimes was the element of intent. We are persuaded that this remains true under the present statutory scheme. As a result, possession of marijuana is a lesser-included offense of possession of marijuana with intent to distribute.

### 3. STEP TWO

Our inquiry is not ended by a determination that possession is, in fact, a lesser-included offense of possession with intent to distribute. The second part of the test in *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993), requires us to determine whether the evidence in this case would provide a rational basis for a jury to acquit Malone of the greater offense of possession with intent to distribute, but convict Malone of the lesser offense of possession of marijuana. On the evidence in the present case, we conclude that such a rational basis exists.

The evidence in the present case reflects that Malone admitted in testimony to having possessed one-eighth of an ounce of marijuana. Malone's defense in the case was that he did not intend to deliver the substance to Officer Doggett. Malone attempted to present this defense both through an entrapment defense and through an intoxication defense. Malone's own testimony primarily was in support of his intoxication defense. Malone testified that he purchased the marijuana for his own use and went to the apartment "to party," but not to sell the marijuana to Officer Doggett. He testified that he was too intoxicated to remember the actual sale and delivery.

Although we recognize that voluntary intoxication is ordinarily not a justification or excuse for crime, the Nebraska Supreme Court has held that excessive intoxication as the result of which a person is wholly deprived of reason may prevent one from having the requisite intent for the crime charged. *State v.*

*Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990). If the jury had chosen to believe Malone's testimony concerning his state of intoxication, then it could have concluded that although he did possess the marijuana, he did not knowingly or intentionally possess marijuana *with the intent to distribute* it to Officer Doggett. The jury thus could have rationally acquitted Malone of the greater offense of possession with intent to distribute and possibly convicted him of the lesser-included offense of possession of marijuana, because he did not dispute having possessed the marijuana.

### 4. RESOLUTION

In the present case, Malone requested an instruction on the lesser-included offense of possession. Because possession is a lesser-included offense of possession with intent to distribute, and because the evidence in this case provides a rational basis for the jury to have acquitted Malone of the greater offense of possession with intent to distribute but to have convicted Malone of the lesser offense of possession, the district court erred in failing to give a lesser-included offense instruction. For this reason, the conviction must be reversed and the case remanded to the district court for a new trial.

## VI. CONCLUSION

Because possession of marijuana is a lesser-included offense of possession of marijuana with intent to distribute, and because the evidence in this case provides a rational basis upon which a jury could have acquitted Malone of the greater offense but convicted him of the lesser offense, the conviction is reversed, and the case is remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.