I respectfully dissent. I agree with the Court of Criminal Appeals, which found in its unpublished memorandum that, although the affidavit at issue here was "not a model of clarity," the affidavit nevertheless set forth a sufficient "`nexus between the objects to be seized and the premises searched,'" quoting Gord v. State, 475 So.2d 900, 905
(Ala.Crim.App. 1985). The affidavit showed probable cause to believe that Perry was likely storing a supply of drugs at his residence. Perry was "obviously a dealer" and "logic and common sense dictate" that the cocaine he was selling would be kept in his residence. See State v.Bernth, 196 Neb. 813, 246 N.W.2d 600, 602 (1976), cert. denied,430 U.S. 948 (1977) (quoted in Gord, 475 So.2d at 905).