WISE, Judge
(concurring specially).
I reluctantly concur with the main opinion’s reversal of Keith Alan Perry’s drug-trafficking conviction. Based on the Supreme Court’s opinion in Ex parte Perry, 814 So.2d 840 (Ala.2001), this Court has no choice other than to find that the trial court erred when it denied Perry’s motion to suppress the cocaine seized as the result of the search of his residence. However, I write to express my agreement with the following language in Justice Brown’s dissent:
“[A]lthough the affidavit at issue here was ‘not a model of clarity,’ the affidavit nevertheless set forth a sufficient ‘ “nexus between the objects to be seized and the premises searched,” ’ quoting Gord v. State, 475 So.2d 900, 905 (Ala.Crim.App.1985). The affidavit showed probable cause to believe that Perry was likely storing a supply of drugs at his residence. Perry was ‘obviously a dealer’ and ‘logic and common sense dictate’ that the cocaine he was selling would be kept in his residence. See State v. Bernth, 196 Neb. 813, 246 N.W.2d 600, 602 (1976), cert. denied, 430 U.S. 948, 97 S.Ct. 1587, 51 L.Ed.2d 797 (1977) (quoted in Gord, 475 So.2d at 905).”
814 So.2d at 844. Nonetheless, because this Court is bound by the decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and “is without authority to overrule the decisions of that court,” Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972), we are required to follow the holding of the Supreme Court in Ex parte Perry, and to remand this case to the trial court for further proceedings consistent with that opinion.