IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

DAVLIN V. CRUICKSHANK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

CLIFFORD J. DAVLIN, APPELLANT,

V.

RICHARD CRUICKSHANK, APPELLEE.

Filed August 22, 2017.    No. A-16-747.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Clifford J. Davlin, pro se.

No appearance for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

BISHOP, Judge.

### INTRODUCTION

Clifford J. Davlin filed a petition for a writ of habeas corpus in the Lancaster County District Court, along with a motion to proceed in forma pauperis (IFP) and for the appointment of an attorney. Davlin appeals from the district court's order finding that the allegations contained within the petition were frivolous and denying all relief requested. We affirm.

### BACKGROUND

In 1994, a jury found Davlin guilty of first degree sexual assault on a child, and use of a weapon to commit a felony. After an evidentiary hearing, Davlin was found to be a habitual criminal; the sentencing range was a minimum of 10 years' to a maximum of 60 years' imprisonment on each count. The court sentenced Davlin to 15 to 25 years' imprisonment for the first degree sexual assault on a child, and 10 years' imprisonment on the weapons conviction. The sentences were ordered to be served consecutively, for a total of 25 to 35 years' imprisonment.

- 1 -

On his direct appeal, Davlin assigned as error the exclusion of the victim's juvenile court record and insufficient evidence. We affirmed his convictions and sentences. *State v. Davlin*, 3 Neb. App. xiii (No. A-94-505, Feb. 28, 1995). (*Davlin I*). Davlin then filed a motion for postconviction relief, with new counsel, alleging: (1) the court denied his right to due process and effective assistance of counsel by denying his pretrial request for substitution of counsel; (2) he was denied effective assistance of trial and appellate counsel for a number of reasons, including trial counsel's failure to object to documents introduced to establish the habitual criminal charge because they did not have the proper judicial signature to certify that Davlin had been convicted by a judge and sentenced to at least one year's imprisonment. *State v. Davlin*, 10 Neb. App. 866, 639 N.W.2d 168 (2002) (*Davlin II*). This court concluded Davlin had been denied an opportunity to be heard on his concerns about trial counsel, and was therefore denied due process. This court reversed Davlin's convictions and sentences and remanded the case for a new trial. *Id.* However, the Nebraska Supreme Court granted the State's petition for further review and reversed and remanded the cause to this court with directions to affirm the district court's judgment denying Davlin's motion for postconviction relief. *State v. Davlin*, 265 Neb. 386, 658 N.W.2d 1 (2003).

Davlin filed a second motion for postconviction relief in *State v. Davlin*, case No. A-03-871, Mar. 23, 2004 (not designated for permanent publication) (*Davlin III*). Davlin argued that his postconviction counsel was ineffective. *Id.* The district court denied Davlin's motion and request for an evidentiary hearing. *Id.* We affirmed the district court on a motion for summary affirmance by the State, and the Nebraska Supreme Court denied Davlin's petition for further review. *Id.*

Davlin filed a third motion for postconviction relief in 2005. *State v. Davlin*, case No. A-06-555, Jan. 8, 2007 (not designated for permanent publication) (*Davlin IV*). Davlin argued that his constitutional rights were violated by impermissible ex parte communications by a district court judge and that his appellate counsel on the first postconviction proceeding was ineffective. *Id.* The district court denied the motion without an evidentiary hearing, and we affirmed on a motion for summary affirmance by the State. *Id.*

Davlin filed a fourth motion for postconviction relief, which we dismissed on December 6, 2007, for failure to file briefs. *State v. Davlin*, case No. A-07-594 (not designated for permanent publication) (*Davlin V*).

Davlin next filed a "motion to quash and/or motion to set aside the judgment." *State v. Davlin*, case No. A-08-292, 2008 WL 5065729 (2008) (not designated for permanent publication) (*Davlin VI*). Davlin argued that the 1993 information failed to properly allege the prerequisites for a sentencing enhancement under the habitual criminal statutes. *Id.* The district court for Sarpy County overruled the motion and Davlin appealed. *Id.* This court concluded that the allegations in the information were sufficient and that the assignment of error was completely without merit to the point of being frivolous. *Id.*

At issue before the court presently is Davlin's petition for a writ of habeas corpus, a motion to proceed IFP, and a motion for the appointment of counsel filed in July 2016. In his habeas petition, Davlin claims that the information filed against him in 1993 failed "to properly charge or make reference to the requisite two prior convictions and sentences as required pursuant [to] NRS 29-2221(2) (Reissue 2008), as amended." He argues that because of this failure: he was prejudiced;

the Sarpy County District Court lacked subject matter jurisdiction to impose the enhancement; and the enhanced sentence imposed upon him was "completely void." We note that this argument appears to have been addressed in *Davlin VI* when Davlin made similar assertions under a "motion to quash and/or motion to set aside the judgment." However, since the district court proceeded to address the issue in response to Davlin's present habeas corpus filing, we will do the same.

In its July 26, 2016, order, the district court noted that the 1993 information alleged that Davlin had "at least twice previously been convicted of crimes and sentenced and committed to prison in this or some other state, or by the United States, for terms of not less than one year each, and is therefore a habitual criminal as defined by law at 29-2221 []." The district court concluded the information properly alleged that Davlin was a habitual criminal, and therefore, found Davlin's allegations were frivolous. The court denied Davlin's petition for writ of habeas corpus, motion to proceed IFP, and motion for appointment of counsel. Davlin appeals; he was allowed to procced IFP on appeal.

ASSIGNMENT OF ERROR

Davlin assigns that the district court erred in finding the allegations in his petition for writ of habeas corpus were frivolous.

STANDARD OF REVIEW

On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo. *Anderson v. Houston*, 277 Neb. 907, 766 N.W.2d 94 (2009).

ANALYSIS

Davlin asserts that he is being held unlawfully because the information filed against him "failed to properly charge or 'make reference' to the requisite [two] prior felony convictions and sentences as required by [§ 29-2221(2)]." Brief for appellant at 9 (emphasis in original). In particular, he alleges in his habeas petition that "the information in this case 'lacks the facts with reference' as required." Because of this alleged failure, he argues that his sentencing enhancements are void.

Nebraska's habitual criminal statute, Neb. Rev. Stat. § 29-2221 (Reissue 2016), provides in relevant part:

(1) Whoever has been twice convicted of a crime, sentenced, and committed to prison . . . for terms of not less than one year each shall, upon conviction of a felony committed in this state, be deemed to be a habitual criminal and shall be punished by imprisonment . . . for a mandatory minimum term of ten years and a maximum term of not more than sixty years . . . .

Davlin relies on *State v. Davis*, 199 Neb. 165, 256 N.W.2d 678 (1977), to support his position. In that case, the Nebraska Supreme Court held that habitual criminal status was improperly imposed on the defendant because neither the first or second information in that case

- 3 -

alleged that the defendant had been charged, sentenced, and spent more than one year in prison for two crimes.

Davlin quotes several passages from the *Davis* opinion, in particular: "We have categorically held where punishment of an accused as a habitual criminal is sought, the facts with reference thereto must be charged in the indictment or information which contains the charge of the felony upon which the accused is prosecuted." Brief of appellant at 10 (quoting *Davis*, 199 Neb. at 170, 256 N.W.2d at 681). Davlin then contends that in the instant case, "the information is bare-bones and makes no references to the required prior two convictions to rely upon for habitual criminal status." Brief for appellant at 12.

Under Nebraska law, the essential allegations which an information must contain for a charge under the Habitual Criminal Act are that said person has been (1) twice previously convicted of a crime, (2) sentenced, and (3) committed to prison for terms not less than one year each. See *State v. Harig*, 192 Neb. 49, 218 N.W.2d 884 (1974); § 29-2221. See, also, *State v. Dubray*, 21 Neb. App. 782, 843 N.W.2d 681 (2014) (the facts required to be pled are that the defendant has been twice previously convicted, sentenced, and committed to prison for terms not less than one year each). These are "the facts with reference thereto" referred to in § 29-2221. *Harig, supra.* While it is undoubtedly desirable and helpful to have the dates of the prior felonies alleged in the information charging a defendant with being a habitual criminal, the absence of such allegation would not necessarily render the information invalid. *Id.*

Count III of the information in this case charged Davlin as a habitual criminal with the following language:

> Further, that said defendant has at least twice previously been convicted of crimes, and sentenced and committed to prison in this or some other state, or by the United States, for terms of not less than one year each, and is therefore a habitual criminal as defined by law at 29-2221, R.R.S. Nebraska (1943).

The information clearly alleged that Davlin was (1) at least twice previously convicted, (2) sentenced, and (3) committed to prison for terms of not less than one year each, satisfying the requirements of § 29-2221. While more information about the previous convictions may have been helpful, it was not required. See *Harig, supra*. Because the information included all the necessary assertions required by law, the district court concluded that Davlin's allegations were frivolous and denied Davlin's petition for writ of habeas corpus, along with his motion for appointment of counsel and to proceed IFP.

We agree with the district court that Davlin's petition for writ of habeas corpus is frivolous. The Nebraska Supreme Court has made it clear that a writ of habeas corpus is limited in scope. In *Sanders v. Frakes*, 295 Neb. 374, 380-81, 888 N.W.2d 514, 520 (2016), the court stated, "A writ of habeas corpus may not be used as a substitute for an appeal. The regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired into on an application for writ of habeas corpus, for that matter is available only in a direct proceeding." Therefore, even if there was any merit to Davlin's assertions about a deficient information, relief cannot be obtained through a writ of habeas corpus. However, in this case, we agree with the district court that the

information filed against Davlin was not deficient, as all necessary allegations were contained in the information related to Davlin's habitual criminal status.

Except in those cases where the denial of IFP status would deny a defendant his or her constitutional right to appeal in a felony case, Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2016) allows the court on its own motion to deny IFP status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issue a written statement of its reasons, findings, and conclusions for denial. *Gonzalez v. Gage*, 290 Neb. 671, 861 N.W.2d 457 (2015). A frivolous legal position pursuant to § 25-2301.02 is one wholly without merit, that is, without rational argument based on the law or on the evidence. *Id.*

The district court properly concluded that Davlin's petition for writ of habeas corpus was frivolous, as Davlin's claim that the information in his case was deficient and his conviction therefore void is wholly without merit.

CONCLUSION

For the reasons stated above, the district court did not err in concluding that Davlin's habeas petition was frivolous. Accordingly, we affirm the decision of the district court denying the petition for writ of habeas corpus, motion to proceed IFP, and motion for appointment of counsel.

AFFIRMED.