Joseph A. NOVAK, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

Nos. 82–287, 82–425.

Supreme Court of Minnesota.

Oct. 29, 1982.

C. Paul Jones, Public Defender, and Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Norman B. Coleman, Jr., and Janet Newberg Anderson, Sp. Asst. Attys. Gen., St. Paul, Paul G. Morreim, Fred R. Kraft, County Attys., Albert Lea, for respondent.

AMDAHL, Chief Justice.

This is a consolidated appeal by Joseph Allen Novak, age 28, from orders of the Mower County District Court and the Freeborn County District Court in post-conviction proceedings for resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981).

On April 9, 1980, before the Sentencing Guidelines became effective, petitioner was arrested after he sold 9 pounds of marijua-

na to an undercover agent in Freeborn County. A search of petitioner's Mower County apartment the following day resulted in the discovery of over 12 pounds of marijuana.

Petitioner was subsequently convicted in Mower County of possession of a controlled substance with intent to distribute and in Freeborn County of distribution of a controlled substance. He was sentenced in Mower County to 5 years in prison and a $15,000 fine. He was sentenced in Freeborn County to a concurrent 5-year prison term.

If the Sentencing Guidelines had been in effect at the time of the offenses, petitioner's criminal history score at the time of sentencing would have been zero. Both offenses are severity level II offenses. The presumptive sentence for such an offense by a person with a criminal history score of zero is 1 year and 1 day stayed.

The Freeborn County District Court denied the petition for resentencing in connection with the Freeborn County offense. Subsequently, the Mower County District Court resentenced petitioner for the Mower County offense but not to the presumptive term. Instead the court resentenced petitioner to a 30-month prison term, with execution stayed. The court did not change the fine. The Freeborn County District Court was then asked by petitioner to reconsider its decision in light of the decision of the Mower County District Court. The court refused to do so.

Petitioner's target release date in connection with the Freeborn County sentence was September 8, 1982. His sentence expiration date is May 14, 1984.

On appeal, petitioner seeks resentencing to the presumptive term of 1 year and 1 day stayed in connection with both offenses. Specifically, he points out that he has no record of recidivism and that the offenses are not violent offenses. He alternatively argues in connection with the Mower County sentence of 30 months stayed that there were no grounds for durational departure and that, if there were, the term at most should have been 24 months stayed.

■ In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." This does not mean, as petitioner seems to contend, that this court necessarily will interfere whenever the offense in question is not a violent offense and the petitioner does not have a record of recidivism. In this case there was evidence adduced at the omnibus hearing in Freeborn County that petitioner had been heavily involved in drug trafficking for a number of years. Also, petitioner was not just a minor drug offender. Rather, he appears to have been a dealer in large quantities. Under the circumstances, neither district court judge was under any obligation to resentence petitioner. The fact that one judge chose to do so in connection with one offense does not mean that the other judge was under any obligation to do so in connection with the other offense.

■ Petitioner's alternative contention is that, having decided to resentence petitioner, the Mower County District Court was not free to depart from the presumptive sentence unless there were aggravating circumstances. Petitioner contends that aggravating circumstances were not present and that, even if they were, the maximum durational departure should have been two times the presumptive sentence duration. We believe that even though resentencing may not have been required, once the district court decided to retroactively apply the Sentencing Guidelines and resentence petitioner, the court was obliged to follow the Guidelines in determining whether or not a departure would have been appropriate and in determining the scope of departure. Here the Mower County District Court concluded that departure would have been justified because the offense was a major controlled substance offense under II.D.2.b.(5) of the Sentencing Guidelines.

We agree. However, under *State v. Evans,* 311 N.W.2d 481 (Minn.1981), the maximum durational departure in this case would have been twice the presumptive sentence duration. Accordingly, the 30-month stayed term is reduced to 24 months.

It does not appear that the reduction of petitioner's Mower County sentence will have any significant practical effect. The Mower and Freeborn County sentences were concurrent and, although the Mower County sentence duration is only 24 months, the longer Freeborn County sentence remains in effect.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed in Case No. 82–287; affirmed as modified in Case No. 82–425.