**Frederick QUAST, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–874.**

Supreme Court of Minnesota.

Nov. 12, 1982.

---

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Frederick Charles Quast, age 32, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines. We affirm.

This appeal concerns petitioner's conviction in Ramsey County of burglary with a tool, for which petitioner received a 20-year prison term in January, 1971. Petitioner has been paroled two times while serving the 1971 sentence and has violated parole each time.

Petitioner's current release date is December 23, 1983. His 1971 sentence is scheduled to expire on August 19, 1987.

Burglary with a tool is a severity level IV offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score would have been three. The presumptive term for that offense by a person with a criminal history score of three is 21 months stayed. If petitioner were resentenced to the presumptive term, he would be entitled to immediate discharge from the sentence.

Petitioner had the burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. Given petitioner's record of recidivism, we affirm the district court's decision. *State v. Champion,* 319 N.W.2d 21 (Minn.1982). Petitioner points out that a district court judge in another district resentenced petitioner in connection with two other convictions. However, that district court judge was not under any obligation to resentence petitioner. Under the circumstances, the fact that that judge chose to resentence petitioner does not mean that the judge in the instant case was under any obligation to resentence petitioner in connection with the 1971 conviction. *Novak v. State,* 325 N.W.2d 132 (Minn., 1982).

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.