**STATE of Minnesota, Respondent,**

v.

**Frederick QUAST, Appellant.**

**No. C4–82–1334.**

Supreme Court of Minnesota.

May 20, 1983.

C. Paul Jones, State Public Defender, Susan Maki, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Frederick Quast, age 33, from an order of the Hennepin County District Court denying his petition for post-conviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

This appeal concerns petitioner's 1980 conviction in Hennepin County of burglary, for which petitioner received a 5-year prison term.

Petitioner's sentence on this conviction is scheduled to expire on November 15, 1983. After that date he will remain subject to the jurisdiction of the Commissioner of Corrections in connection with sentences for prior offenses. His current release date in connection with those sentences is December 23, 1983, and his expiration date is April 20, 1989.

The burglary offense in question is a severity level IV offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been eight. The presumptive term for a severity level IV offense by a person with a criminal history score of six or more is 41 months in prison. Petitioner contends that resentencing in this case would entitle him to immediate release from prison.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner, who has a record of recidivism, had the burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden. The fact that a district court judge in another district resentenced petitioner in connection with two other convictions does not mean that the judge in the instant case was under any obligation to resentence petitioner in connection with the 1980 conviction. *Quast v. State,* 326 N.W.2d 7 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.