**Joseph Allen NOVAK, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C4–83–596.

Supreme Court of Minnesota.

June 29, 1984.

---

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, for appellant.

Hubert H. Humphrey, III, Atty. Gen. Norman B. Coleman Jr., Janet Newberg Anderson, Sp. Asst. Atty. Gen., St. Paul, Fred R. Kraft, Mower County Atty., Austin, for respondent.

PETERSON, Justice.

This is an appeal from an order of the Mower County District Court denying a petition for postconviction relief from petitioner's 1981 conviction of possession of marijuana with intent to sell.[1] The mari-

juana was discovered in a warranted search of petitioner's residence. The issue raised is whether the affidavit accompanying the application for the search warrant contained sufficient information to establish probable cause to believe that marijuana or other drugs would be found on the premises. We hold that it did, and affirm.

Petitioner concedes that the police in fact had sufficient information to establish probable cause to believe that marijuana would be found on the premises but correctly points out that we must look not to the information that the police in fact had but to the information presented in the affidavit to the magistrate who issued the search warrant. *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). The affidavit in this case provided:

> Affiant is an Austin Minnesota Police Detective who conducts the majority of investigations into drug traffic in the City of Austin, Minnesota. During the past two years, the affiant was told on separate occasions that Joseph Allen Novak was involved in the trafficking of contraband substances.

> On or about February 22nd, 1980, the affiant was contacted by Gregory L. Sickler, Agent, Minnesota Bureau of Criminal Apprehension, who stated that he was working a drug case in Freeborn County along with other agents and jurisdictions. Sickler stated that their information indicated that Joseph Allen Novak was involved in the trafficking of contraband substances and sold these in the Austin and Albert Lea Areas. Through investigations of alleged activities of drug sales in the Albert Lea area, James Vincent Petruzzi III, was arrested in Albert Lea on or about April 4, 1980. He had in his possession hashish and his residence was searched where marijuana, hashish and suspected cocaine was found. He gave the Freeborn County Sheriff's Officers and the PCA Agents information that he purchases from and/or sells controlled substances from Joseph Allen Novak and presently owes

---

1. A prior appeal by petitioner, *Novak v. State,* 325 N.W.2d 132 (Minn.1982), raised issues relat-

ing to petitioner's sentence for this offense and for a related offense in Freeborn County.

Novak approximately $6,000.00 for the purchase of controlled substances.

Affiant checked the files of the Mower County Assessor and learned that Joseph Allen Novak purchased the home and property located at 1014 11th Ave SW, Austin, Minn. in September of 1979. Affiant while surveilling above address observed Novak driving a 1967 Black Cadillac, Lic # AQF 966 and a 1980 Buick, blue in color, Lic # CPR 551 at various different times. A check through the computer to the Minnesota License Bureau shows that both of these vehicles list Joseph Allen Novak as the registered owner.

On April 8, 1980 a telephone conversation between Joseph Allen Novak and Sickler was recorded in which Novak promised to deliver 6 lbs of marijuanna to Albert Lea for sale and he indicated that he would be picking up additional marijuana from his source.

At 1315 hrs subject left his residence and was followed around the Austin Area until 1425 hrs and he then was followed to 822 Newton in Albert Lea where he delivered 9 lbs of suspected marijuanna to Greg Sickler. He left the home with approximately 6 lbs of suspected marijuanna. He was stopped on Hwy I–90 in Freeborn County for distribution of controlled substances.

The arrest of petitioner actually occurred on April 9, not April 8, as suggested in the affidavit. The affiant presented the affidavit to the magistrate later that day, and the magistrate issued the warrant to search petitioner's residence in Austin. Police executed the warrant that day, discovering over 12 pounds of marijuana along with other controlled substances, which formed the basis of the subsequent prosecution of petitioner on three counts of possession of controlled substances with intent to distribute.

In a pretrial motion to suppress, petitioner raised the same issue that he now raises. After the district court denied the motion to suppress, petitioner waived his right to a trial by jury and was found guilty by the court of the charge relating to the marijuana discovered at his house.

The precise issue on appeal is not whether the affidavit established probable cause to believe that petitioner was a marijuana dealer—it clearly did—but whether it established probable cause to believe that marijuana would be found in a search of his residence. For a full discussion of this distinction, *see* 1 W. LaFave, *Search and Seizure* §§ 3.1(b), 3.7(d) (1978). Minnesota cases dealing with the issue of probable cause to believe that items will be found in a search of a particular place include: *State v. Doyle,* 336 N.W.2d 247 (Minn. 1983); *State v. White,* 332 N.W.2d 910 (Minn.1983); *State v. Braasch,* 316 N.W.2d 577 (Minn.1982); *State v. Yaritz,* 287 N.W.2d 13 (Minn.1979); *State v. Flom,* 285 N.W.2d 476 (Minn.1979); *Rosillo v. State,* 278 N.W.2d 747 (Minn.1979). In *Yaritz* we dealt with the issue in the context of an affidavit to search a drugseller's house following a sale that did not take place at the house. We stated:

> In this case it is significant that the affidavit indicates that when the two controlled sales were arranged by telephone, defendant's house was under surveillance and defendant was observed going straight from his house to the place where the sale took place. Professor LaFave suggests in his treatise that this is the type of additional fact which should be deemed sufficient, in a sale-of-contraband case where the sale has not taken place at the seller's home, to support an inference that the seller stores the contraband on his premises.

287 N.W.2d at 15.

The affidavit in this case established that petitioner was involved in the drug business as a wholesaler, that he lived in a residence in Austin, that he had two cars, and that after arranging on the telephone to sell a large amount of marijuana to an undercover officer he left his house, drove around Austin, then drove to Albert Lea and made the sale. We attach considerable significance to the information indicating that petitioner was a drug wholesaler. The

fact that petitioner dealt in large quantities increased the likelihood that police would find marijuana in a search of his residence. 1 W. LaFave, *Search and Seizure* § 3.7(d), n. 111 (1978), citing *State v. Bernth*, 196 Neb. 813, 246 N.W.2d 600 (1976), *cert. denied*, 430 U.S. 948, 97 S.Ct. 1587, 51 L.Ed.2d 797 (1977), relied upon by the trial court. By negative inference, one can infer from reading the affidavit that the police were unaware of any information suggesting that petitioner had a separate business address or other place where he might keep large quantities of marijuana and were unaware of anything suggesting that petitioner did not keep marijuana at his house but always obtained it from others before making sales. Failure by the affiant to include information contradicting these inferences in the affidavit if he was aware of such information would constitute reckless or intentional omission of material facts. *State v. Doyle*, 336 N.W.2d 247 (Minn. 1983). There is nothing to suggest that the affiant had such information. Indeed, the record indicates that he omitted information that would have made it much more clear that the police had probable cause to believe that petitioner kept marijuana in his residence. Considering all the information contained in the affidavit and reasonable inferences therefrom—*Illinois v. Gates*, —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), *Reh'g denied*, —— U.S. ——, 104 S.Ct. 33, 77 L.Ed.2d 1453—we conclude that the magistrate was justified in issuing the warrant.

Affirmed.