**STATE of Minnesota, Respondent,**

v.

**Jerry L. PIERCE, Appellant.**

**No. C1–83–703.**

Supreme Court of Minnesota.

Dec. 14, 1984.

---

C. Paul Jones, Public Defender, Linda Devoy, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Henn. County Atty., Minneapolis, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of assault in the second degree, Minn.Stat. § 609.222 (1982). The trial court sentenced defendant to 54 months in prison pursuant to section 609.11 and Minnesota Sentencing Guidelines and Commentary, II.E (1982). On appeal, defendant contends (1) that his conviction should be reversed outright because the evidence of his guilty was legally insufficient or (2) that he should be given a new trial because

the trial court prejudicially erred in admitting evidence seized in a warranted search of defendant's residence.[1]  We affirm.

■ 1. There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. The victim was one of a number of people hired by the Bureau of Engraving to replace workers who were on strike. Defendant, who was among the striking workers, followed the victim onto the freeway after work one day and fired a number of shots at the victim with a .22 caliber pistol. One of the bullets struck, but did not seriously wound, the victim. Defendant's motorcycle and that of the victim collided after the shooting. The victim identified defendant as the person who followed and shot him, and other evidence, including evidence seized in a search of defendant's residence, connected defendant to a .22 caliber pistol and a homemade pipe bomb found near the scene of the collision.

■ 2. Defendant's other contention is that the evidence in support of the application for the warrant to search his residence failed to establish probable cause to believe that the search would result in the discovery of evidence connecting defendant to the crime. This contention is also without merit. The evidence of probable cause to believe that items will be found in a particular place was again recently decided by this court in *Novak v. State,* 349 N.W.2d 830 (Minn.1984), which cites prior cases of this court dealing with the same issue. *See also,* 1 W. LaFave, Search and Seizure § 3.7(d) (1978). Among the factors considered in determining whether there is a sufficient showing of probable cause to believe that items will be found in a particular place are the type of crime, the nature of the items sought, the extent of the suspect's opportunity for concealment, and the normal inferences as to where the suspect would keep the items. *United States v. Rambis,* 686 F.2d 620, 624 (7th Cir.1982).

---

1. The appeal does not raise an issue as to whether defendant is entitled to a reduction in sentence pursuant to the 1983 amendments to the Sentencing Guidelines relating to mandatory minimum term sentences.

In this case, the affidavit established sufficiently that defendant had shot the victim and that police had found a homemade pipe bomb at the scene, but had not found the gun used in the assault. The normal place that one such as defendant would keep the materials for making a pipe bomb would be at his residence. Similarly, the normal place one would keep extra bullets for his gun and papers showing ownership of his gun would also be at his residence. Considering all the information contained in the affidavit and reasonable inferences therefrom, *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), we conclude that the magistrate was justified in issuing the warrant.

Affirmed.