**STATE of Minnesota, Respondent,**

v.

**James BYNUM, Appellant.**

No. C6-97-2022.

Court of Appeals of Minnesota.

June 2, 1998.

Review Denied Aug. 18, 1998.

Hubert H. Humphrey III, Attorney General, St. Paul, for respondent.

Michael O. Freeman, Hennepin County Attorney, Beverly J. Benson, Assistant County Attorney, Minneapolis, for respondent.

Craig E. Cascarano, Minneapolis, for appellant.

Considered and decided by DAVIES, P.J., and HARTEN and SCHULTZ, JJ.*

## OPINION

DAVIES, Judge.

Appellant challenges the trial court's refusal to suppress evidence, arguing there was no probable cause to support the underlying warrant. We affirm.

## FACTS

In February 1997, an undercover Minneapolis police officer arranged to purchase crack cocaine from a drug dealer. The dealer's supplier, appellant James Bynum, arrived at the scene of the buy in an Oldsmobile. Appellant sold the dealer one ounce of crack cocaine, which the dealer then gave to the officer.

Following the buy, police observed the Oldsmobile, which is registered to appellant, parked in front of the single-family residence listed as appellant's residence on his driver's license and motor vehicle record. The vehicle's windows were frosted over, indicating that it had been parked there overnight. Based on these observations, a judge issued

a search warrant for that address. The warrant concluded:

> Based on the above information, your affiant believes that quantities of crack cocaine and the proceeds from the sales of crack cocaine are kept at [residence address].

Police executed the warrant, seized narcotics and cash, and arrested appellant. Before trial, appellant moved to suppress the seized evidence. The trial court denied the motion. Following a bench trial, appellant was found guilty of one felony count of cocaine possession. This appeal followed.

## ISSUE

Was there sufficient probable cause to support issuance of a search warrant for appellant's residence?

## ANALYSIS

█ A search warrant shall be issued only upon a showing of probable cause. U.S. Const. amend. IV; Minn. Const. art. I, § 10; Minn.Stat. § 626.08 (1996). We give great deference to an issuing judge's probable cause determination. *State v. Valento*, 405 N.W.2d 914, 918 (Minn.App.1987).

The Supreme Court has developed a "totality of the circumstances" test of whether probable cause is sufficient to support a search warrant:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him * * * there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *see also State v. Wiley*, 366 N.W.2d 265, 268–69 (Minn.1985) (using *Gates* test to determine existence of probable cause).

█ An affidavit that contains only vague and uncertain information cannot support issuance of a search warrant. *State v. Jannetta*, 355 N.W.2d 189, 193 (Minn.App.1984),

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

*review denied* (Minn. Jan. 14, 1985). But when

> reviewing the sufficiency of an affidavit under the totality of the circumstances test, courts must be careful not to review each component of the affidavit in isolation. Even if each component is judged unsubstantial, the components viewed together may reveal * * * "an internal coherence that [gives] weight to the whole."

*Wiley*, 366 N.W.2d at 268 (quoting *Massachusetts v. Upton*, 466 U.S. 727, 734, 104 S.Ct. 2085, 2089, 80 L.Ed.2d 721 (1984)).

▆ The probable cause requirement is satisfied "if the affidavit sets forth competent evidence sufficient to lead a reasonably prudent person to believe there is a basis for the search." *State v. Richardson*, 514 N.W.2d 573, 579 (Minn.App.1994). Courts, when confronted with an affidavit that only marginally supports a determination of probable cause, should consider " 'the preference to be accorded to warrants.' " *State v. Anderson*, 439 N.W.2d 422, 425 (Minn.App.1989) (quoting *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965)), *review denied* (Minn. June 21, 1989).

▆ In this case, a common-sense reading of the affidavit as a whole supports the judge's probable cause determination. The affidavit established that the dealer purchased drugs from appellant, who transported those drugs to the sale location in an Oldsmobile that was registered to him and that was later seen parked overnight in front of a house that was listed as appellant's residence. From these facts, the judge could reasonably infer that other drugs and drug proceeds would be found inside that residence.

Appellant argues that the nexus between the controlled buy and his apparent residence would have been stronger if police had actually observed him leaving or arriving at that residence immediately before or after the controlled buy. *Cf. State v. Hawkins*, 278 N.W.2d 750, 751 (Minn.1979) (affidavit supported inference that heroin was stored at defendant's residence, where informant purchased heroin from dealer who entered defendant's residence and returned with heroin); *Valento*, 405 N.W.2d at 918 (affidavit supported inference that cocaine was stored at defendant's residence, where participant went directly to defendant's house after being paid by confidential informant and gave cocaine to confidential informant immediately after leaving defendant's residence).

Appellant's argument is not without merit. But in this case the affidavit supports the issuing judge's reasonable inference that appellant, who sold drugs from his automobile, kept a supply of drugs and proceeds from drug sales at his residence. No evidence suggested that appellant stored drugs in a separate place or obtained drugs from another source before making the sale to the dealer. Such indications would have weakened the inference of a nexus between the controlled buy and appellant's residence. *See Novak v. State*, 349 N.W.2d 830, 832–833 (Minn.1984) (affidavit supported inference that marijuana would be found in appellant's residence following sale that did not take place at that house, where there was no evidence that appellant stored marijuana elsewhere or obtained it from others before making sale). But here the inference was reasonable.[1]

## DECISION

The affidavit was sufficient to establish probable cause supporting issuance of the search warrant. The trial court did not err by refusing to suppress evidence seized pursuant to that warrant.

**Affirmed.**

---

1. *State v. Souto*, 578 N.W.2d 744 (Minn.1998), and *State v. Kahn*, 555 N.W.2d 15 (Minn.App. 1996), are factually distinct from this case, and for that reason do not control our decision.